Filed April 28, 1885.

## No. 11,602.

## BURNS ET AL. *v.* SIMMONS ET AL.

HIGHWAYS.—*Petition.*—*Amendment.*—It is within the discretion of the circuit court to permit amendments to be made to the petition in highway cases, and the Supreme Court will not interfere unless there is an abuse of discretion.

SAME.—*Discretionary Power of Circuit Court.*—It is not ·an abuse of the discretionary power of the circuit court to permit an amendment to be made changing in a slight degree the line of a proposed highway, in a case where the change does not affect the interests of persons not in court.

From the Shelby Circuit Court.

*B. F. Love, A. Major, H. C. Morrison, E. K. Adams* and *L. J. Hackney,* for appellants.

*T. B. Adams, L. T. Michener* and *G. W. Cooper,* for appellees.

ELLIOTT, J.—The circuit court permitted the appellees to amend the petition, which they had filed before the commissioners, praying for the establishment of a highway, and the principal question in the case arises upon that ruling.

It is settled by our decisions that the circuit court may permit amendments to be made to petitions in highway cases. *Hedrick* v. *Hedrick,* 55 Ind. 78; *Goodwin* v. *Smith,* 72 Ind. 113 (37 Am. R. 144); *Porter* v. *Stout,* 73 Ind. 3; *Green* v. *Elliott,* 86 Ind. 53, see opinion 63. In *Coolman* v. *Fleming,* 82 Ind. 117, it was held that a petition in a drainage case

might be amended on appeal to the circuit court even as to a. jurisdictional matter, and, as sustaining this doctrine, the court cited the case of *Jackson* v. *Ashton*, 10 Peters, 480.

We assume, on the strength of these decisions, that the circuit court had authority to permit an amendment of the petition, and we proceed to inquire whether there was any abuse of discretion in permitting the appellees to amend their petition in the manner in which they did. Although there is authority to permit amendments, and although the authority is in a measure a discretionary one, still it is not unlimited, nor is it beyond review. It is not easy to lay down a general rule upon this subject, for each case must depend upon its own particular facts, and to them the appellate court must look to ascertain whether there was not an error of judgment, or an abuse of discretion. The amendment in this case consisted in changing the description of the line of the proposed highway. In the original petition the description reads thus: "Commencing at the southeast corner of the southwest quarter of section five, township ten north, of range seven east, in said county, running thence west on the south line of sections five and six in said township and range, three-quarters of a mile, to the southwest corner of the east half of the southeast quarter of said section six; thence south forty-eight rods to a corner stone, there intersecting the road leading through St. Louis to Hope." The description in the amended petition is as follows: "Commencing at the southeast corner of the southwest quarter of section five, township ten north, of range seven east, in said county, running thence west on the south line of section five of said township and range, to a point fifteen feet east of the northeast corner of a school lot owned by Haw Creek school township, in said county; thence northwest at an angle of nearly forty-five degrees to a point fourteen and one-half feet north of the northeast corner of said school lot; thence west parallel with said section line to a point fourteen and one-half feet north

of the northwest corner of said school lot; thence southwest at an angle of nearly forty-five degrees, to a point fifteen feet west of the northwest corner of said school lot and on the south line of section six, in said township and range; thence west to the southwest corner of the east half of the southeast quarter of said section six; thence south forty-eight rods to a corner stone, there intersecting the road leading through St. Louis to Hope." It appears from a comparison of the two descriptions that the only effect of the amendment was to change the line of the proposed highway about fourteen feet north for the purpose of avoiding interference with a school lot, and that this divergence from the line described in the original petition was only for a short distance, and that the change only affected the lands of the parties before the court. We can not say that there was any available error in permitting this amendment. If it had affected lands owned by persons not before the court upon the original petition, we should have had a different question, but as no other lands were affected, we can not see that any substantial injury was done to any one by the amendment of the petition.

It is contended by the appellants that the viewers must lay out the highway, and that neither the board of commissioners, nor the circuit court on appeal, has authority to make any change in the line laid out by the viewers. The decisions are against the position that the report of the viewers controls in the circuit court. There are a great number of decisions to the effect that an appeal to the circuit court brings up the case for trial *de novo*, and that the reports of the viewers and reviewers cease to be effective. *Clift* v. *Brown,* 95 Ind. 53; *Cox* v. *Lindley,* 80 Ind. 327; *Grimwood* v. *Macke,* 79 Ind. 100; *Doctor* v. *Hartman,* 74 Ind. 221; *Corey* v. *Swagger,* 74 Ind. 211, *vide* p. 214; *Turley* v. *Oldham,* 68 Ind. 114.

Judgment affirmed.

Filed May 14, 1885.