## No. 13,990.

## METTY ET AL. *v.* MARSH ET AL.

DRAINAGE.—*Appeal.*—*Amendment of Petition.*—Upon an appeal in a drainage proceeding, begun before the board of commissioners, it is in the discretion of the circuit court to permit an amendment of the petition.

SAME.—*Location of Ditch.*—*Description.*—Under the statute, section 4286, R. S. 1881, a particular description of the location of the proposed ditch, or drain, is not required. The petition is sufficient if it contains a general description of the proposed starting point, route, and terminus of the ditch.

SAME.—*County Commissioners.*— *Remonstrance.* — *Appeal.*—All grievances growing out of the establishment and construction of a public ditch should be presented to the board of commissioners, and settled in that tribunal. The aggrieved parties may remonstrate before the board against the report of the viewers, or reviewers, and where, having opportunity to file their remonstrances, they fail to do so, the circuit court may properly refuse to allow them to be filed on appeal.

SAME.—*Appeal.*—*Motion for Judgment.*—Where, on such appeal, there is

no issue for trial, it is not error for the court, the question of the jurisdiction of the board having been disposed of, to sustain the appellee's motion for judgment establishing the ditch, on the petition, report of viewers, etc.

From the Wells Circuit Court.

*E. C. Vaughn, J. S. Dailey, L. Mock* and *A. Simmons,* for appellants.

*A. N. Martin, C. M. France* and *M. W. Lee,* for appellees.

Coffey, J.—Under the provisions of sections 4285 and 4286, R. S. 1881, the appellee filed a petition with the board of commissioners of Wells county at its September term, 1886, praying the location and construction of a public ditch. The proposed ditch is described in the petition as follows:

" Commencing at a point about the center of the east half of the southeast quarter of section seventeen (17), in township twenty-five (25) north, range twelve (12) east, thence in a northeasterly direction to a point about twenty (20) rods west of the southeast corner of the northeast quarter of said southeast quarter; thence north about forty (40) rods; thence a little north of west until it intersects the Rockcreek ditch, said proposed ditch to follow the natural channel for water the entire distance."

Upon the filing of the petition, and the bond required by the statute, said board appointed three viewers to view, mark out and locate the ditch as prayed for in the petition. The viewers filed their report at the December term of said board, 1886, in which they reported that the proposed ditch would be of public utility, and assessed the cost of construction of the same to the parties to be affected thereby as follows:

| Names. | Am't of Benefits. | Assessments. |
|---|---|---|
| Harrison Marsh | $391 70 | $195 85 |
| Lydia S. Metty | 116 84 | 58 42 |
| Isaac H. Turner | 83 28 | 41 64 |
| Isaac Hahn | 50 38 | 25 19 |

Upon the filing of this report the appellee Harrison Marsh

remonstrated against the same, upon the ground that the benefits assessed against his land were too high, that the ditch was not located by said viewers upon the most practicable route, and that there were other lands not described in the report which would be benefited by said ditch, and should be assessed for the costs of its construction.

After consideration of this remonstrance said board appointed three reviewers, who filed their report at the March term of said board of commissioners for the year 1887.

In this report the reviewers assessed the benefits and costs occasioned by the construction of the ditch as follows:

| Names. | Benefits. | Costs. |
|---|---|---|
| Harrison Marsh | $343 84 | $171 92 |
| Lydia S. Metty | 184 20 | 92 10 |
| Isaac H. Turner | 125 78 | 67 89 |
| Isaac Hahn | 46 98 | 23 49 |
| Wells county | 30 00 | 15 00 |
| James E. Lockwood | 30 00 | 15 00 |

The notice-required by the statute having been given, and no further remonstrance or objection being made, the board of commissioners of Wells county heard the evidence on said petition on the 8th day of March, 1887, and entered up an order on its records establishing said ditch.

On the 11th day of March said Isaac H. Turner, James E. Lockwood, Lydia S. Metty and Isaac Hahn filed with the auditor of said county their separate appeal bonds, and prayed an appeal of said cause to the circuit court.

In the circuit court appellants moved to dismiss the cause, on account of the insufficiency of the petition.

During the pendency of this motion the appellee asked and obtained leave to amend the petition, which was done, and the motion was overruled. The appellants also moved to dismiss the amended petition, whereupon the appellee moved for judgment establishing the ditch in controversy, on the petition, report of the viewers and the report of the reviewers.

Pending this motion the appellants asked leave to file bonds and several remonstrances to the amended petition, which was denied. Appellants then asked leave to introduce evidence in the cause to prove:

*First.* That said ditch, when constructed, will not be conducive to the public health, convenience or welfare.

*Second.* That the route of said ditch is not practicable.

*Third.* That the costs and expenses of the construction of said ditch will exceed all' the benefits that will be derived by the construction of the same ; and, .

*Fourth.* That the lands of the appellants Lockwood and Hahn will not be benefited by the construction of said ditch.

The court refused to hear such proof, and sustained the motion of the appellee, and entered judgment establishing said ditch.

The court overruled a motion for a *venire de novo,* and also a motion for a new trial.

The appellants jointly assign errors in this court calling in question the several rulings above set forth, and the appellant Lockwood also assigns separate errors calling these rulings in question as to himself alone.

It was in the discretion of the circuit court to permit the appellee to amend his petition in that court. *Coolman* v. *Fleming,* 82 Ind. 117; *Burns* v. *Simmons,* 101 Ind. 557; *Williams* v. *Stevenson,* 103 Ind. 243.

But we think the petition was sufficient without amendment. The statute does not require a particular description of the location of the proposed ditch or drain. The statute requires that the petition shall contain a general description of the proposed starting point, route and terminus of the ditch. The original petition before us contains such description ; indeed, in view of the duties to be performed by the viewers, the description in the petition could not be otherwise than general, for it is the duty of the viewers to locate the ditch or drain upon such line as they may deem best to accomplish the object sought, varying from the line described

in the petition to such a degree as may be necessary to locate the ditch at a place where it will, in their judgment, accomplish the most good.

We do not think the court erred in overruling the motion to dismiss the original petition, nor do we think it erred in overruling the motion to dismiss the amended petition.

Each of the remonstrances tendered by the appellants in the circuit court was upon the ground:

*First.* That said ditch will not be conducive to the public health, convenience or welfare; and,

*Second.* That the route of said ditch is not practicable.

In addition to these reasons, applicable to all, each of the appellants assigns cause relating to himself alone and affecting the amount of the assessments against his land for the construction of the ditch. No one of these appellants filed, or offered to file, a remonstrance with the board of commissioners of Wells county while the cause was pending in that court.

Section 4295, R. S. 1881, provides that "it shall be lawful for any person interested in the location of said proposed work to file with the board of commissioners, at or before the time set for the hearing of the petition, a remonstrance against the ditch as located by the viewers on and across his lands, by setting forth his grievances therein; and any person deeming his assessment too high, or the damages allowed him too low, may remonstrate for such reasons against the action of the viewers."

Section 4301 provides that "any person or corporation aggrieved thereby may appeal from any final order or judgment of the board of commissioners, made in the proceedings and entered upon their record, determining either of the following matters:

"*First.* Whether said ditch will be conducive to the public health, convenience or welfare.

"*Second.* Whether the route thereof is practicable.

"*Third.* Whether the assessments made for the construction

of the ditch are in proportion to the benefits to be derived therefrom.

"*Fourth.* The amount of damages allowed to any person or persons or corporation."

We are of the opinion that it was the intention of the Legislature that all grievances growing out of the establishment and construction of a ditch like this should be presented to the board of commissioners and settled in that tribunal, where they could be settled cheaply. We are led to this conclusion by the language of the statute, which provides that any party affected by such ditch shall have the right to set forth his grievances by way of remonstrance.

It is urged, however, by the appellants, that the statute makes no provision for remonstrating against the report of the reviewers, and that it follows from this omission that parties aggrieved by such a report have no remedy save by appeal. But we can not give our assent to this view.

In view of the duties to be performed by the board of commissioners, namely, to see that the assessments are made in proportion to the benefits to be derived from the construction of the ditch, we have no doubt as to the power of such board to reject the report of any set of reviewers should it be satisfied that such report was unjust to any of the parties interested.

Such power is to be inferred from the language used in section 4299, R. S. 1881. Under the provision of that section the board is not required to establish the ditch unless it find that such report is in accordance with the provisions of the act under which the proceedings are had.

As one of the leading objects of that act is to secure the payment of the expenses of such ditch by the parties interested in proportion to the benefits to be enjoyed by each, a report which does not secure this object is not in accordance with the provisions of the act, and should be set aside and rejected by the board upon complaint and proof to that ef-

fect by any party aggrieved, to the satisfaction of the board before whom the proceeding is pending.

As these appellants each had ample opportunity to file their respective remonstrances with the board of commissioners, and failed and neglected to do so, we think the circuit court properly refused to allow them to be filed on appeal.

Nor do we think the court erred in refusing to hear the proof offered by the appellants pending the motion of the appellee for judgment in his favor.

It has so often been adjudged by this court, in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on appeal to the circuit court, that but little can be said in elaboration of the principle. *Hardy* v. *McKinney*, 107 Ind. 364; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Clift* v. *Brown*, 95 Ind. 53; *Lowe* v. *Ryan*, 94 Ind. 450; *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *Green* v. *Elliott*, 86 Ind 53.

We think that the principle announced in the cases above cited applies with full force to the case now under consideration.

It is true that the principle settled by these cases does not apply to questions affecting the jurisdiction of the board, but no question of jurisdiction has been raised on this appeal, except in the motion to dismiss the petition, which we have seen was properly overruled.

As there was no issue for trial, and as the only question going to the jurisdiction of the board of commissioners of Wells county had been disposed of, we think the court did not err in sustaining the appellee's motion for judgment in his favor. *Daggy* v. *Coats*, 19 Ind. 259; *Kemp* v. *Smith*, 7 Ind. 471.

The petition, report of viewers, and the report of the reviewers, constituted original papers in the cause, of which the court was bound to take notice as it would of the pleadings in any ordinary cause, and made a *prima facie* case, as held

in these cases, for the appellee. As the appellants had not seen fit to make any question upon any of these papers, they were not in a condition to destroy the *prima facie* case in favor of the appellee, and there was, therefore, nothing left for the court except to render judgment on the *prima facie* case made by the papers in the cause.

Filed Feb. 18, 1890; petition for a rehearing overruled May 16, 1890.