Trittipo *v.* Beaver.

---

TRITTIPO ET AL. *v.* BEAVER ET AL.

[No. 18,844. Filed December 20, 1900.]

DRAINS.—*Remonstrance.—Appeal.—Trial.—Burden of Proof.—*Upon appeal to the circuit court from an order of the board of commissioners establishing a drain, all questions raised by remonstrance before the board are to be tried *de novo,* and the burden is upon the petitioners to establish by evidence such facts as were necessary to be established before the board, if such facts are controverted by remonstrance. *pp. 654-656.*

SAME.—*Remonstrance.—*A remonstrance against the establishment of a drain on the ground that the costs and damages would exceed the benefits presents a legal objection to the proposed work as a whole. *pp. 657, 658.*

From the Hamilton Circuit Court. *Reversed.*

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellants. *J. A. Roberts* and *Meade Vestal,* for appellees.

BAKER, J.—Appellees filed with the board of commissioners of Hamilton county a petition for the establishment of a drain. Viewers were appointed. They reported that the drain would be of public utility and conducive to public health, and assessed the benefits and damages, etc. Appellant Samuel Trittipo appeared before the board and remonstrated against the petition and the report of the

Trittipo v. Beaver.

viewers on the grounds (1) that his assessment was too high; (2) that the damages allowed him were too low; (3) that his real estate would not be benefited; (4) that the drain as proposed would not be of public utility and would not benefit public health. Appellant John Beaver remonstrated on the grounds (1) that his assessments were too high; (2) that his lands would be damaged; (3) that the cost of the drain would exceed the benefits; (4) that there was a better route than that proposed; (5) that he ought to be allowed for ditches already constructed; (6) that the proposed drain would not be of public utility and would not benefit public health. Trittipo and John Beaver each filed the required bond, and reviewers were appointed who confirmed the report of the viewers. From the decision of the board establishing the drain, the remonstrators appealed to the circuit court. Trial by jury. Finding for the petitioners, that the drain would be of public utility and conducive to public health; that the assessments as approved by the board were in proportion to the benefits; that the ditch should be established and constructed according to the profile and survey and the order of the board; that Trittipo should be allowed no other damages than those reported by the viewers; and, that the assessments of John Beaver were in proportion to his benefits to be derived from the construction of the drain. Separate motions for a new trial overruled and exceptions. Judgment was rendered on the verdict for appellees, and the cause was remanded to the board with directions to establish the ditch in accordance with the judgment. The only errors assigned question the court's rulings on the motions for a new trial.

Upon the trial appellees took the open and close, without objection. In making their original case appellees introduced evidence tending to prove that the proposed drain would be of public utility and conducive to public health, describing the territory to be drained and the condition of the swamp lands at different seasons as to stagnant water,

etc. The appellants on defense introduced evidence tending to prove that the proposed drain would not be of public utility nor conducive to public health; that the proposed route was not practicable; that the lands of appellants would not be benefited; and that appellant Trittipo's lands would be damaged. In rebuttal appellees introduced evidence to show the amount appellants' lands would be benefited.

Appellants' first contention is that the court erred in giving the following instruction: "In a case of this kind, where remonstrators appeal from the order of the board of commissioners establishing a drain or ditch, the burden of proof is upon the said remonstrators to establish the allegations in their remonstrances." In support of this instruction appellees rely upon the cases of *Metty* v. *Marsh,* 124 Ind. 18, *Denton* v. *Thompson,* 136 Ind. 446, and *Wilson* v. *Talley,* 144 Ind. 74. The last two cases are based upon the rulings in *Daggy* v. *Coats,* 19 Ind. 259, and *Metty* v. *Marsh, supra.* In *Daggy* v. *Coats* the record discloses that the only issue made by remonstrant Daggy, before the board and in the common pleas on appeal, related to the damages to his land. At the trial in the common pleas no evidence was introduced on either side. The court instructed the jury to find for the petitioners. The ruling was affirmed on appeal to this court. The decision is sustainable on the theory that the petition and reports of the viewers and reviewers were to be regarded as the pleadings on the side of the petitioners; that, since Daggy had failed to put in issue any of the matters necessary to the establishment of the proposed work, the petitioners were entitled to judgment on the pleadings on the issues tendered relating to necessity, utility, practicability, and sufficiency of means to cover cost of construction and damages; that Daggy had the burden of proof on the issue made in regard to his claim of damages; and that the finding should be against him on that issue for failure of proof. In *Metty* v. *Marsh* an appeal was taken from an order of the board establishing a ditch,

to the circuit court, by Metty and others who had filed no remonstrances before the board. They moved to dismiss the proceeding on account of the insufficiency of the petition. Upon the overruling of this motion, the petitioners moved for judgment on the petition and reports of the viewers and reviewers. The appellants asked but were denied leave to file remonstrances. The court thereupon sustained the petitioners' motion for judgment. The ruling was affirmed on appeal to this court. The decision is sustainable on the theory that the petition and reports of the viewers and reviewers were to be regarded as the pleadings on the side of the petitioners; and that, since the appellants had failed to take issue thereon, the petitioners were entitled to judgment on the pleadings. But the *Daggy* and *Metty* cases are not supportive of the proposition that the burden of proof is on the remonstrants on all issuable matters. Yet in *Denton* v. *Thompson, supra,* and *Wilson* v. *Tally, supra,* those cases were taken as establishing the doctrine that the reports of the viewers and reviewers were to be treated as evidence in the circuit court on appeal and were to stand until overthrown by a preponderance of evidence introduced by the remonstrants. The *Denton* and *Wilson* cases run counter to the otherwise uniform holdings of this court, and are therefore overruled on the question under consideration.

By a long line of decisions, it is established that upon appeal to the circuit court from the board of commissioners all questions raised by remonstrance before the board are to be treated *de novo* in the circuit court, and on the issues made by remonstrance neither the report of the viewers nor the judgment of the commissioners has any force or effect as a basis of a judgment or as evidence. *Coyner* v. *Boyd,* 55 Ind. 166; *Freck* v. *Christian,* 55 Ind. 320; *McKinsey* v. *Bowman,* 58 Ind. 88; *Turley* v. *Oldham,* 68 Ind. 114; *Beck* v. *Pavey,* 69 Ind. 304; *Schmied* v. *Keeney,* 72 Ind. 309; *Corey* v. *Swagger,* 74 Ind. 211; *Grimwood* v. *Macke,* 79 Ind. 100; *Cox* v. *Lindley,* 80 Ind. 327; *Coolman* v.

*Fleming,* 82 Ind. 117; *Green* v. *Elliott,* 86 Ind. 53; *Breit-weiser* v. *Fuhrman,* 88 Ind. 28; *Meehan* v. *Wiles,* 93 Ind. 52; *Burns* v. *Simmons,* 101 Ind. 557; *Reynolds* v. *Shults,* 106 Ind. 291; *Black* v. *Thomson,* 107 Ind. 162; *Hardy* v. *McKinney,* 107 Ind. 364; *Ford* v. *Ford,* 110 Ind. 89; *Bohr* v. *Neuenschwander,* 120 Ind. 449; *Mills* v. *Hardy,* 128 Ind. 311; *Chandler* v. *Beal,* 132 Ind. 596; *Goodwin* v. *Evans,* 134 Ind. 262; *Chandler* v. *City of Kokomo,* 137 Ind. 295; *Castle* v. *Bell,* 145 Ind. 8; *Head* v. *Doehleman,* 148 Ind. 145.

Upon appeal the cause stands as any other adversary proceeding. The petition and the reports of the viewers and reviewers are considered as the plaintiff's complaint and the remonstrance as the defendant's answer, and only such facts as are not controverted by the remonstance stand admitted as true. It follows, therefore, that upon appeal it is incumbent upon the plaintiffs (petitioners) to establish, by evidence, such facts as were necessary to be established before the board, if those facts are controverted by remonstrance. Section 4285 R. S. 1881 and Horner 1897, §5655 Burns 1894, empowers the board of commissioners to cause drains to be constructed, "when the same shall be conducive to the public health, convenience or welfare, or when the same shall be of public benefit or utility". Section 4294 R. S. 1881 and Horner 1897, §5664 Burns 1894, provides that if "the board find the proposed drain to be of public utility, or conducive to public health, or of public benefit or convenience, it shall establish the same". These facts may be controverted by the remonstrants and tried on appeal in the circuit court, and, if controverted, the burden is upon the plaintiffs (petitioners) to establish these facts, by evidence, in order to make a *prima facie* case. Since the appellants introduced some evidence tending to prove that the drain would not be of public utility nor conducive to public health, the giving of the instruction was harmful error.

The court also gave this instruction: "If you find the assessments and damages as made and reported by the viewers are in all respects correct and are in just and equal proportion and that said ditch is of public utility, your verdict should be on all questions in issue for the petitioners." And the court refused to give the following, requested by appellants: "If the aggregate cost of the construction of the proposed ditch and the damages, if any, that will be the result of such construction exceed the aggregate benefits of the ditch when constructed, the proposed ditch should not be constructed. In other words, neither of the defendants can be assessed for the construction of the proposed ditch, if the aggregate cost of the construction thereof and the damages incident thereto exceed the aggregate benefits." One ground of remonstrance before the board was that the costs and damages exceeded the benefits. Appellants claim that the court's action in giving and refusing the above instructions was erroneous because the court thereby excluded this ground of remonstrance from the consideration of the jury. Two questions arise: Is the ground stated a legal ground of remonstrance? If so, may the remonstrants renew that objection on appeal?

1.    The statute requires that the viewers shall report an estimate of the total cost of the proposed work, a schedule of the damages, and a schedule of the benefits. The statute provides that the cost of the work and the damages must be paid out of the assessments for benefits. The statute forbids the letting of contracts for more than the estimated cost of the work. Here is a scheme, at the heart of which lies the necessity that the cost and damages shall not exceed the benefits. The statute provides that any interested person may file with the board "a remonstrance against the ditch as located by the viewers on and across his lands, by setting forth his grievances therein". The grounds of remonstrance are not limited by the statute. Therefore, under

the general right, a party in interest may set forth any matter as a ground of remonstrance that is a legal objection to the proposed work as a whole, or that is a legal objection to his particular assessment of benefits or damages.

2.   But it was within the legislative discretion to limit the matters regarding which an appeal might be taken.   In *Denton* v. *Thompson*, 136 Ind. 446, *Steele* v. *Empson*, 142 Ind. 397, and *Wilson* v. *Tally*, 144 Ind. 74, it was held that §4301 R. S. 1881 and Horner 1897, §5671 Burns 1894, limits the right of appeal to presenting to the circuit 'court the following questions: *"First*.   Whether said ditch will be conducive to public health, convenience or welfare. *Second*.   Whether the route thereof is practicable.   *Third.* Whether the assessments made for the construction of the ditch are in proportion to the benefits to be derived therefrom.   *Fourth*.   The amount of damages allowed to· any person or persons or corporation."   In rendering those decisions the language of the section was evidently misinterpreted.   The section reads:  "Any person or corporation aggrieved thereby may appeal from any final order or judgment of the board of commissioners, made in the proceedings and entered upon their record, determining either of the following matters:   *First*.   Whether" and so on, setting out the four clauses hereinabove copied.   The right of appeal is general as to persons aggrieved, and is general as to subject-matter, provided only that the judgment appealed from determines at least one of the stated questions. · A remonstrant, therefore, is entitled to a trial *de novo* in the circuit court on all issues made by him before the board.   If the issue presents a legal objection to the proposed work as a whole, the burden of proof is upon the petitioners.   If the issue presents only a legal objection to the remonstrant's particular assessment of benefits or damages, the burden is upon the remonstrant.   In this. case, the ground of remonstrancè that the costs and damages exceeded the benefits presented a legal objection to the proposed work as a whole,

and the court erred in giving and refusing the instructions last above quoted.

Appellants also complain of the refusal of a requested instruction regarding the measure of benefits. The instruction states the rule correctly, but the substance of it was probably embodied with sufficient clearness in other instructions that were given.

Judgment reversed, with directions to sustain the motions for a new trial.

Monks, J., absent.