## MAKEEVER v. MARTINDALE.

[No. 19,167. Filed May 7, 1901. Rehearing denied June 19, 1901.]

DRAINS.—*Remonstrance.—Appeal.- Bond.*—An appeal to the circuit court from the action of the board of commissioners in overruling a motion to strike out the report of the viewers appointed to establish the line of a proposed ditch was properly dismissed where no bond was filed with the motion or remonstrance, as required by §5665 Burns 1894.

From the Jasper Circuit Court. *Affirmed.*

*R. S. Dwiggins, B. F. Ferguson* and *J. E. Wilson,* for appellant.

*F. Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

HADLEY, J.—Appellee filed his petition before the board of commissioners of Jasper county for the construction of a ditch, under the drainage act of 1881. §5655 *et seq.* Burns 1894, §4285 R. S. 1881 and Horner 1897. Viewers were appointed who filed a verified report to the effect that having first procured the services and assistance of John H. Jessen, a competent civil engineer of Jasper county, they proceeded to make an accurate survey of the line of the proposed

ditch, etc. At this stage of the proceeding, appellant appeared and filed what he termed "a motion to strike out the report of the viewers", assigning as reasons (1) that said viewers did not call to their assistance a surveyor who was a civil engineer, and did not with the assistance of such surveyor make an accurate survey of the line of the proposed ditch, and (2) that they did not call to their assistance the county surveyor, nor his deputy. No bond for cost accompanied the paper. The motion was overruled, and an order establishing the ditch entered. Appellant appealed to the circuit court. In the circuit court appellee's motion to dismiss the appeal was sustained, and the case ordered back to the commissioners' court for further proceedings, from which judgment appellant appeals. The dismissal of the appeal and return of the cause to the commissioners' court for further proceedings is the only ruling questioned by the record.

Among the duties imposed by §5656 Burns 1894 upon the viewers is the procurement of a surveyor who shall be a civil engineer, and with the latter's assistance they shall make an accurate survey of the line of the proposed ditch from end to end, certainly determine its practicability, and give the same such a skilful location as will accomplish the most efficient drainage. These ends can only be reached by the employment of scientific tests, and the observance of scientific rules, from which arise obvious reasons why the assistance of one skilled in civil engineering is a matter of vital concern to all who are damaged by, or are called upon to contribute to the cost of, such an improvement. The failure, therefore, of the viewers to secure the aid of a surveyor and civil engineer is such a breach of duty as will invalidate their acts, and render their report liable to successful assault by one affected thereby. But the assault must be in the mode prescribed by law.

Section 5665 Burns 1894 provides that any person interested in the location of the proposed work may file with

the board of commissioners a remonstrance. "The grounds of remonstrance are not limited by the statute. Therefore, under the general right, a party in interest may set forth any matter as a ground of remonstrance that is a legal objection to the proposed work as a whole, or that is a legal objection to his particular assessment of benefits or damages", or that is a legal objection to the acts of the viewers or reviewers. *Trittipo* v. *Beaver,* 155 Ind. 652.

A naked motion to strike out the viewers' report has no legal efficacy. The spirit of the statute is that he who enters to assail the regularity of the proceeding must come prepared to pay the costs caused by his challenge if he be found in the wrong. Hence his remonstrance for any ground will not be entertained till he files therewith his undertaking for costs. If the appellant had filed a cost bond as the statute requires (§5665 Burns 1894, §4295 Horner 1897) with the paper he calls a motion, it would probably have been sufficient to put the petitioner to the proof that the viewers did have the assistance of a surveyor and civil engineer. But this he did not do. The commissioners had no power to put the question upon trial until the condition upon which the power rested had been performed. As it was, the motion presented no question, and there being nothing to try, and no other objection or remonstrance to the viewers' report, the commissioners rightfully overruled the motion and ordered the establishment of the drain.

It is a familiar rule that cases appealed to the circuit court from boards of commissioners are triable *de novo,* that is, they are triable *de novo* upon the issues as formed in the lower court. *Trittipo* v. *Beaver, supra.* Appellant made no issue in the commissioners' court. He had nothing to appeal from, and carried no question to the circuit court. His appeal was therefore rightfully dismissed, and the cause rightfully returned to the board of commissioners of Jasper county for further proceedings.

Judgment affirmed.