## INWOOD ET AL. *v.* SMITH ET AL.

[No. 19,083. Filed May 28, 1901.]

DRAINS.—*Establishment.*—*Remonstrance.*—*Appeal.*—Where, in a proceeding to establish a drain, under §5655 *et seq.* Burns 1894, a remonstrance and cost bond were filed as provided by statute, and reviewers were appointed who found in favor of the establishment of the drain, it was not necessary for the remonstrants to remonstrate to the report of the reviewers in order to present an issue on appeal to the circuit court.

From the St. Joseph Circuit Court. *Reversed.*

*A. L. Brick* and *D. D. Bates,* for appellants.

*C. P. Du Comb* and *D. Rich,* for appellees.

JORDAN, J.—This was a proceeding on the petition of appellees before the board of commissioners of the county of St. Joseph to establish a public ditch, under and in pur-

suance of §5655 et seq. Burns 1894. Such steps were taken as resulted in the appointment of viewers by the board, who reported in favor of the establishment of the ditch. Upon the filing of their report, the auditor gave the notice required by the statute in regard to the pendency of the petition and the report, and of the time fixed for the hearing thereof. At the time set for the hearing of the petition and report of the viewers before the board, appellant Martha G. Inwood, together with other landowners whose lands were assessed with benefits on account of the construction of the proposed improvement, appeared before the board and filed their remonstrance setting forth therein the grounds upon which they based their objections to the construction of the ditch and the report of the viewers, which grounds, in substance, were as follows: (1) That the assessment of the benefits against the lands of each of the remonstrators was too high; (2) that the lands of each for the reasons therein specified were not benefited; (3) that the proposed ditch would not be of public utility, and would not be conducive to the public health, convenience, and welfare; (4) that the lands of the remonstrators would be damaged, for the reasons specified, instead of benefited. The fifth and sixth grounds were also to the effect that their lands would be damaged for the reasons as therein alleged. Upon the filing of this remonstrance, accompanied by a cost bond, the board, upon consideration thereof, appointed three reviewers, as provided by the statute, to examine into the matters presented and put in issue by the remonstrants. A majority of these reviewers, after having the matter under consideration, filed their reports, whereby they denied the demand of appellant and the other remonstrators for a change in the assessment of benefits, and also denied the demand for damages, and further found that the proposed work would be of public utility, etc., virtually confirming the report of the original viewers. Upon the filing of the report of these reviewers, the board of commissioners, under §5669 Burns 1894, en-

Inwood *v.* Smith,

tered ·a final order declaring the ditch established as pro-
vided and described in said report, and thereupon, appel-
lant · Martha G. Inwood, within the time allowed by §5671
Burns 1894, · filed her appeal bond to the approval of the
county auditor and the clerk of the St. Joseph Circuit Court,
and appealed, under the provisions of that section, from the
order of the board to said circuit court. All. of the peti-
tioners entered an appearance to the proceeding in the
circuit court, and by their counsel moved the court to enter
an · order establishing the drain, upon the petition and the
report of the viewers and reviewers, stating in· the motion,
as reasons why the same should be sustained, that there was
no issue to be tried before the court in said cause, for the
reason that appellant had filed no objections or remonstrance
before the board to the report of the reviewers. The court ..
thereupon refused to allow appellant a hearing upon her
remonstrance, or to permit her to introduce any evidence
in support of any of the grounds alleged therein, for the
reason, as assigned by the court, that she could not be heard
in the circuit court on appeal because she had not objected
to the report of the reviewers, and, hence, under the circum-
stances, her remonstrance to the first report of the viewers
raised no issue triable on appeal in the circuit court, and,
thereupon, the court sustained the motion of appellees and
entered a final order declaring the ditch established as
located and described by the reviewers, and ordered that
said proceedings be remanded back.to the board of commis-
sioners, and adjudged costs against appellant, to all.of which
rulings and decisions of the court appellant properly ob-
jected and excepted.

· The·errors presented and discussed by counsel for appel-
lant relate to the rulings of the trial court in sustaining the
motion ·of appellees for judgment upon the petition and the
reports of the viewers and reviewers, and also in denying
appellant the right, which she claimed, to have a hearing

upon her remonstrance, and to introduce her evidence in support of the grounds therein alleged.

Appellees' counsel attempt to parry the force of appellant's contention in respect to the alleged errors of the court, upon the ground that the petition and reports of the viewers and reviewers made a *prima facie* case in favor of the establishment of the proposed drain, and inasmuch as appellant had failed to remonstrate against the report of the reviewers, her remonstrance against the report of the first viewers raised no issue for trial or determination in the circuit court. They seek to sustain their insistence in this respect upon the authority of *Metty* v. *Marsh,* 124 Ind. 18. That case, however, lends no support to their contention. In the Metty case none of the appellants remonstrated before the board of commissioners, but offered to do so for the first time on appeal in the circuit court. The holding in that case, under the circumstances, was to the effect that where a landowner affected by the ditch had failed to file a remonstrance before the board of commissioners, he was not entitled to file it for the first time on appeal in the circuit court, and, further, that the circuit court, under such circumstances, was justified in refusing to permit the appellants in that case to introduce evidence to sustain certain objections which they sought to urge against the construction of the proposed ditch.

In the case at bar, however, appellant complied with the requirements of the statute and appeared before the board of commissioners at the proper time and filed her remonstrance, whereby, as we have seen, she challenged the report and finding of the viewers in respect to the public utility of the proposed improvement, as well as the question in regard to the benefits and damages as determined by the viewers. She also, as it appears, filed the requisite cost bond, and thereupon, under the plain provisions of §5665 Burns 1894, the board appointed reviewers to whom the matters and questions in issue were submitted. The record

discloses that the report of these reviewers was in favor of the establishment of the ditch, and against appellant upon all of the grounds alleged in her remonstrance. The board of commissioners, as it appears, approved the report of the reviewers, and entered a final order establishing the ditch as provided and described in said report, from which order, as heretofore stated, appellant appealed to the circuit court. The statute upon which the proceedings in question were based does not require that a person who has once remonstrated against the petition and report of the first viewers shall again remonstrate against the report of the reviewers, in order to raise an issue and be entitled to be heard on appeal in the circuit court. All questions which appellant raised under her remonstrance filed before the board of commissioners were, upon appeal to the circuit court, triable therein *de novo*. As appellant by her remonstrance controverted the question or issue of public utility which was tendered by the petition and report of the viewers, the burden of establishing that question by proper evidence in the circuit court rested upon the petitioners, the appellees herein. *Trittipo* v. *Beaver*, 155 Ind. 652; *Makeever* v. *Martindale, ante, 655.

In *Trittipo* v. *Beaver, supra,* the various decisions of this court, relating to the practice or procedure in a drainage proceeding before the board of county commissioners on appeal to the circuit court, were fully reviewed and considered, and therein it was held that upon appeal the cause stands in like manner as any other adversary proceeding; that the petition and the reports of the viewers and reviewers must be considered and taken as the plaintiffs' complaint, and the remonstrance, if any, as the defendants' answer, and that only such material facts as are not controverted by the remonstrance stand admitted as true.

It is manifest, therefore, that the trial court in the case at bar erred in awarding a judgment in favor of the petitioners declaring the ditch established upon the petition and reports of the viewers and reviewers alone, when the question

of its public utility, or the facts that it would be conducive to the public health, convenience, or welfare, was controverted under appellant's remonstrance, and also erred in denying her the right, to which she was entitled, of introducing evidence, and being fully heard in support of any, or all, of the grounds embraced in her remonstrance. The judgment is, therefore, in all things reversed, and the cause remanded to the lower court with instructions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.