## RAAB ET AL. *v.* ROBERTS ET AL.

[No. 3,941. Filed June 24, 1902. Rehearing denied November 7, 1902.]

HIGHWAYS.—*Establishment.—Trial.—Pleading.*—In an appeal from the action of the board of commissioners establishing a highway, the petition, report of viewers and report of reviewers constitute the complaint, and the remonstrance is considered the defendant's answer, and the facts controverted thereby are the facts in issue. *p. 7.*

APPEAL AND ERROR.—*Weight of Evidence.*—A verdict of the jury in a proceeding to change a highway will not be disturbed on appeal on the weight of the evidence. *p. 7.*

HIGHWAYS—*Change. — Costs. —Damages.*—The costs and expenses of changing a public highway are relevant to the question of the utility of such change. *p. 8.*

SAME.—*Establishment. — Change. — Damages. — Photograph of Dwelling-house.*—In a proceeding to change a highway, the cost and damages incident to the change being pertinent to the issue, a photograph of a dwelling-house in front of which a strip of ground was to be taken was properly introduced in evidence as showing the character of the improvements affected. *p. 8.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Proceeding by Peter Raab and others to change the location of a highway. From a judgment reversing the order of the board of commissioners authorizing the change, petitioners appeal. *Affirmed.*

*E. P. Ferris* and *W. W. Spencer,* for appellants.
*R. W. McBride, C. S. Denny, W. M. Aydelotte* and *I. L. Bloomer,* for appellees.

ROBY, J.—Petition for change of highway. The board of commissioners of Marion county appointed viewers who reported in favor of the proposed change. Upon the filing of a remonstrance, reviewers were appointed who also reported favorably. The board made an order establishing the road upon the new line and vacating it as to the old one. The remonstrants thereupon appealed to the circuit court,

where the case was tried by a jury and a verdict returned to the effect that the proposed change was not of public utility. Judgment on the verdict, from which this appeal is taken..

Error is assigned upon the overruling of appellant's motion for a new trial. The case stood for trial in the circuit court as other causes; the petition, report of viewers, and report of reviewers being considered as the plaintiff's complaint, and the remonstrance as the defendant's answer. The facts controverted by the answer were the facts in issue. *Trittipo* v. *Beaver,* 155 Ind. 652, 656. The issue thus formed was as to public utility. The evidence was conflicting. There was a very wide difference in the statements of witnesses., The questions as to the credibility of the witnesses and the weight of evidence were for the jury, and its conclusion having been approved by the trial judge will, under the long established rules, not be interfered with by this court. The case is not one in which the verdict is unsupported by any evidence as to some essential fact upon which it depends. In the highway as traveled for many years there is "a jog to the north" at the section line, "a little more than half the width of the road. The only object of the proposed change of the highway is to put it on the east and west center line of section sixteen, and make it of a uniform width of fifteen feet on each side of that line, and to make the road straight." The public utility of the change thus described by the appellants was dependent to a very great degree upon the expenses connected therewith. In determining such expenses the amount of damage to adjacent landowners and the cost of constructing the new road were important factors. There was great diversity of opinion upon these propositions. Some of the evidence is so extreme as to be entitled to little weight, but, as said before, that question was for the jury. The instructions given by the court fairly stated the law and the issue. The questions involved were particularly appropriate for

the determination of the jury. The instructions of the court were properly directed towards the questions involved in the controversy, viz., the expenses and damage incident to the proposed change, and we do not think that undue prominence was given to those questions.

No evidence was admitted upon which any available error can be predicated, and, while the proposed change does not seem to have been an unreasonable one to ask or to make, the judgment of the circuit court is conclusive against it. Judgment affirmed.


## ON PETITION FOR REHEARING.

ROBY, J.—The issue tried was not whether the highway itself was of public utility, but whether the proposed change in it was of such utility. The jury having found against the utility of the proposed change were not called upon to assess damages. The cost and damages incident to the change were, however, directly pertinent to the issue tried. The damage to adjacent landowners was not only a relevant fact, but one very largely controlling. The amount of land necessary to be appropriated, the character of the improvements affected thereby, and the extent of the injury done to them, were all involved in the inquiry made. A photograph of a dwelling-house, in front of which the strip proposed to be taken lay, was introduced in evidence. The view taken from across the road did not show the distance that the house stood from the present highway. It was material to show, not only the width of the strip taken and its proximity to the dwelling referred to, but also the character of the improvement thereby affected. For this purpose the photograph was admissible. The propositions relied upon in the petition for a rehearing are not therefore sufficient.

Petition for rehearing overruled.