Strayer v. Taylor.

## STRAYER ET AL. v. TAYLOR ET AL.

[No. 20,103.    Filed December 11, 1903.    Rehearing denied June 30, 1904.]

DRAINS.—By Board of Commissioners. — Jurisdiction. — Motion to Dismiss.— Where a petition is filed for the construction of a ditch under the act of April 21, 1881 (Acts 1881, p. 410, §5655 et seq. Burns 1901), setting forth in detail the beginning, course and terminus, and notice, signed by the county auditors through whose counties such ditch was to be constructed, was duly published, a motion to dismiss for want of jurisdiction on the ground that it did not appear that a final order had been made by the board of commissioners of such other county, as provided by such statute, should be overruled, since the action of such other board is of an administrative character.    pp. 233, 234.

SAME.—The board of commissioners of the county in which a drainage petition is first filed acts in a judicial capacity.    p. 234.

SAME.—Questions on Appeal.—No questions, not raised before the board of commissioners in drainage proceedings, except as to jurisdiction, can be raised on appeal.    pp. 234, 235.

SAME.—Questions on Appeal.—Waiver.—Where a remonstrant in a drainage proceeding expressly requests the board not to appoint reviewers, he thereby waives the right to urge any objection to any question which such reviewers had a right under the statute to settle.    p. 235.

SAME.—Lakes in Course of Drain.—Irregularities.—Where the course of a ditch is laid out through one or more small lakes, the fact of its passing through such small lakes does not deprive such board of jurisdiction, since it is provided in such statute (Acts 1881, p. 410, §5688 Burns 1901) that its provisions shall be liberally construed to promote drainage and reclaim wet lands.    pp. 236–239.

SAME.—Burden to Show Jurisdiction.—Where a drainage petition is filed and the notice to adversary parties given according to statute, and the board renders judgment, the burden is upon the party appealing to show that such board is without jurisdiction.    p. 239.

From Noble Circuit Court; Anthony Deahl, Special Judge.

Petition for the establishment of a ditch by John N. Strayer and others before the board of commissioners of Noble county.    Henry L. Taylor and others filed a remonstrance.    From a judgment of the circuit court dismissing the petition and vacating the judgment of the board establishing the ditch, the petitioners appeal.    Reversed.

T. A. Redmond and L. H. Wrigley, for appellants.

*H. G. Zimmerman, J. W. Hanan, E. D. Salsbury, W. L. Taylor, F. A. Woods* and *Rowland Evans,* for appellees.

GILLETT, C. J.—This proceeding was instituted by appellants under the act of April 21, 1881 (Acts 1881, p. 410), and the amended and supplemental legislation based thereon (§5655 *et seq.* Burns 1901), to establish and construct a ditch having its head or source in Noble county and its outlet in Lagrange county. The transcript in the court below was filed therein by the auditor of Noble county, and such facts as appear concerning the proceedings prior to the filing of such transcript we take therefrom. There was a petition filed, which described in a general way the proposed ditch. It was averred in said petition that the construction of such ditch would improve the public health, benefit public highways, drain large areas of wet, swamp, and overflowed lands, and that the work would be of public utility. It is shown by said petition that the proposed ditch runs in a westerly direction from the point of commencement to Shockopee lake, thence in a northwesterly direction to Hardy lake, thence in a northerly direction across said lake to the watercourse leading from said lake, thence following said watercourse to the commencement of what is denominated the "county line ditch," thence following said ditch to its termination on the county line, thence west to Navoo lake, thence across said lake in a northwesterly direction, and thence in a westerly direction to a certain natural watercourse. The petition was addressed to the boards of commissioners of said counties. A bond was filed by the petitioners, as required by said act. The board in Noble county appointed three viewers, and they and two other persons subsequently joined in a report as viewers. This document recites that they were appointed as viewers by the action of the two boards, and is addressed to them. Said report definitely describes the proposed drain, gives the size thereof, the amount of ex-

cavation at each station, fixes the levels, and shows that the route has been staked except where it extends across lakes. The report also states facts from which it appears that the work will be of public utility. It further appears from said report that the route along the county line ditch extends across Tamarack and Mud lakes. Neither the petition nor the report shows that it is proposed to drain or lower any lake. None of said five lakes is described in any particular in either of said documents. The depth and width of the ditch at the points of exit from the lakes are given in some instances, but, as neither of said papers advises us as to the levels of the natural outlets to said lakes, we can not affirm, as a physical fact, that any lake will be lowered by the construction of the ditch. It is stated in the report that it will be necessary to remove a certain mill-dam, but there is no description of it and no statement that it was in use. The transcript shows that after the filing of said report a notice was duly published of the pendency of the proceeding, which notice was signed by the auditors of said counties. As the next step, it is shown that the auditor of Noble county presented to the board thereof a certified transcript of a remonstrance filed by appellee William L. Taylor in the office of the auditor of Lagrange county, addressed to said boards. This remonstrance is based on fourteen grounds, some of which purport to be a challenge to the jurisdiction of said boards, others relate to matters of irregularity, and others relate to matters which should properly be referred to reviewers. It also appears that in connection with said remonstrance the auditor of Noble county presented a certified copy of a bond filed by said Taylor with the auditor of Lagrange county, which bond appears to have been approved by him. Subsequently said Taylor appeared by counsel before the board of commissioners of Noble county, and made what appears to have been oral objections to the jurisdiction of said board, and moved said board to set aside the report of

the viewers and dismiss the petition. The motion was overruled, to which ruling said Taylor objected and excepted. The record of said board then shows the following entry: "The remonstrant, by his attorney, states to the board that the remonstrant does not ask that reviewers be appointed in this cause. The board therefore does not appoint reviewers." The petitioners then filed a motion to dismiss the remonstrance, on the ground that said Taylor, by waiving the appointment of reviewers, had lost his standing to remonstrate. This motion was sustained by said board, and the ditch was ordered established and constructed as provided in the report of the viewers. Taylor prosecuted an appeal from said judgment.

In the court below the petitioners renewed their motion last mentioned, and said Taylor filed a motion to dismiss the proceeding on jurisdictional and other grounds. The motion of petitioners was overruled, and the motion of Taylor was sustained. The principal question argued in this court is as to the propriety of the latter ruling. The first claim made by appellee Taylor is that the proceeding was properly dismissed because it does not appear that there was any proceeding or judgment had in the matter of said ditch by the board of commissioners of the county of Lagrange.

As the drain was to be constructed in two counties, it was required that an order establishing it should be made by each of the two boards. §§5677, 5678, 5678a Burns 1901. The latter section provides that said §5678 shall "be construed to provide that each board of commissioners required to act in the establishment and construction of a joint ditch, shall act by itself, sitting alone in its own county; all rendering like judgments conforming to the one rendered in the county having original jurisdiction." Section 5677, *supra,* provides that the auditor of the county containing the head or source of the proposed ditch (in which county the petition is to be filed) shall transmit a

certified copy of the petition to each of the other counties interested. It is to be presumed that the auditor of Noble county performed the statutory duty stated, and not only does the proceeding in Noble county suggest in various ways that the proceeding was also pending in Lagrange county, but the acts of appellee Taylor also suggest that fact. It is true that it does not appear that a final order was made by the board of commissioners of the county of Lagrange, but we do not think that this was necessary to the jurisdiction of the Noble Circuit Court on appeal. A legislative judgment is a solecism. Under the statute from which we have quoted, the proceeding in the county or counties other than the county where it is commenced is of an administrative nature. The historic character of boards of commissioners warrants the assertion that they may be invested with powers of a judicial nature. *Board, etc., v. Heaston* (1895), 144 Ind. 583, 55 Am. St. 192; *Board, etc., v. Connor* (1900), 155 Ind. 484; Elliott, Gen. Prac., §197. The purpose of §10 of article 6 of the state Constitution was to authorize the conferring upon such boards of powers of a local, administrative character. There is therefore no constitutional objection to the view that in the construction of a ditch in two counties the governing board may act judicially, while the duties of the other board respecting the particular subject-matter are purely administrative. The performance of the duties enjoined upon the latter board may be compelled by mandamus. The whole jurisdiction or power is in the board where the proceedings are commenced, and it is only from its judgment that an appeal can be prosecuted. The views above expressed find partial support, at least, in *Denton v. Thompson* (1893), 136 Ind. 446, and *Sarber v. Rankin* (1900), 154 Ind. 236.

There having been a final judgment by the board of commissioners of Noble county, whereby one or more of the matters mentioned in §5671 Burns 1901, was deter-

mined, appellee Taylor was authorized to appeal, and the matters that he might present on appeal were not limited by said section to the matters mentioned in the four subdivisions of said statute. *Trittipo* v. *Beaver* (1900), 155 Ind. 652. It is, however, a rule that the cases in this State thoroughly enforce, in appeals by remonstrants in drainage and highway proceedings, that, with the exception of objections that go to the jurisdiction of the board over the subject-matter, such remonstrants can not present any question that was not raised in the commissioners' court. *Makeever* v. *Martindale* (1901), 156 Ind. 655; *Trittipo* v. *Beaver, supra; Forsyth* v. *Wilcox* (1895), 143 Ind. 144; *Steele* v. *Empson* (1895), 142 Ind. 397; *Indianapolis, etc., R. Co.* v. *Hood* (1891), 130 Ind. 594; *Budd* v. *Reidelbach* (1890), 128 Ind. 145; *Metty* v. *Marsh* (1889), 124 Ind. 18; *Wells* v. *Rhodes* (1887), 114 Ind. 467; *Washington Ice Co.* v. *Lay* (1885), 103 Ind. 48; *Forsythe* v. *Kreuter* (1884), 100 Ind. 27; *Breitweiser* v. *Fuhrman* (1882), 88 Ind. 28; *Green* v. *Elliott* (1882), 86 Ind. 53; *Turley* v. *Oldham* (1879), 68 Ind. 114; *Sowle* v. *Cosner* (1879), 56 Ind. 276; *Fisher* v. *Hobbs* (1873), 42 Ind. 276; *Crossley* v. *O'Brien* (1865), 24 Ind. 325, 87 Am. Dec. 329; *Wilson* v. *Whitsel* (1865), 24 Ind. 306; *Daggy* v. *Coats* (1862), 19 Ind. 259.

In *Metty* v. *Marsh, supra,* it was said: "We are of the opinion that it was the intention of the legislature that all grievances growing out of the establishment and construction of a ditch like this should be presented to the board of commissioners and settled in that tribunal, where they could be settled cheaply." Many of the questions sought to be presented by remonstrant Taylor related to matters that might have been properly adjusted by referring the proceeding to reviewers, and it must be held that all questions that reviewers might have passed on were impliedly waived by his relinquishment of the right to have reviewers appointed, since it led, as the record affirmatively

shows, to the omission of the board to take that statutory step.

We now take up the question as to the jurisdiction of the board of commissioners over the particular subject-matter, as that was not an inquiry to refer to reviewers. A wrong decision by the board in determining as to its jurisdiction would not oust its authority in the premises, but, as the matter reached the circuit court by appeal, it is evident that we are not here to be embarrassed by a consideration of the consequences, when the question is raised collaterally, of the exercise of jurisdiction by a tribunal duly called on to inquire of its authority to proceed. Under §5655 Burns 1901, the board of commissioners is authorized in certain circumstances "to cause to be constructed * * * any ditch, drain or watercourse" within the county. Section §5656 Burns 1901 provides that the viewers "shall cause stakes or monuments to be set along said line, numbered progressively, down stream, at each hundred feet," and they are required to "give the depth of cut, width of bottom and width of top at the source and outlet, and at each one hundred feet stake or monument of said ditch, drain or watercourse." Section 5688 Burns 1901 provides that "this act shall be liberally construed to promote the drainage and reclamation of wet or overflowed lands." The circuit court drainage act of April 8, 1881 (Acts 1881, p. 397, §4275 R. S. 1881), provided that the drainage commissioners "may determine that the method of drainage shall be by removing obstructions from a natural watercourse; by deepening, widening, straightening, or changing its natural channel." This provision is also found in the circuit court drainage act of 1885. §5624 Burns 1901. The act of March 7, 1891 (§5690 et seq. Burns 1901), expressly authorizes the lowering of any lake, but this proceeding does not conform to said act, and therefore is not governed by it.

In the case of *Baltimore, etc., R. Co.* v. *Ketring* (1890),

122 Ind. 5, which was a drainage proceeding commenced under the circuit court act of 1881, it was said: "A majority of the court have reached the conclusion that the subject-matter involved in this proceeding does not fall within the purview and scope of the said acts of the legislature; that the legislature in the passage of said acts did not intend to provide a system of drainage for the fresh-water lakes of the State; that the statutes apply, and were only intended to apply, to wet and marshy lands, swamps, ponds, and the like, and therefore that the circuit court of Kosciusko county had no jurisdiction, and erred in overruling the motion to arrest the judgment."

From the case of *Goodrich* v. *Stangland* (1900), 155 Ind. 279, which arose under the circuit court drainage act of 1885, we take the following: "The petition did not ask for the drainage of any lake. The line of drainage passed through several small bodies of water described as lakes, and, as they were natural water basins, or watercourses, on the route proposed, it was lawful to drain the lands above into and through them. *Mitchell* v. *Bain* [1895], 142 Ind. 604, citing *Hebron, etc., Co.* v. *Harvey* [1883], 90 Ind. 192, 46 Am. Rep. 199; *Munkres* v. *Kansas City, etc., R. Co.* [1880], 72 Mo. 514. Even if the drainage of one or more small lakes, and the reclamation of the land covered by them, was intended, we are not prepared to say that this circumstance would vitiate the proceedings, or deprive the court of jurisdiction over their subject-matter." The effect of this decision is that a small lake or water basin may be a watercourse, and, if it is such, it may properly be used as a part of a system of public drainage under the express provision of the circuit court act. Other decisions in this State show that it is not competent to wrest drainage statutes from the purview of their enactment. *Scruggs* v. *Reese* (1891), 128 Ind. 399; *Royse* v. *Evansville, etc., R. Co.* (1902), 160 Ind. 592.

The provision of the drainage act of April 21, 1881,

relative to the construction of a ditch, drain, or water-
course, the direction of said act that it is to be liberally
construed to promote the drainage of wet or overflowed
lands, and the provisions concerning the location of stakes
at each 100 feet along the route, and the recording
of the depth of cut at such points, indicates that it was
not intended to authorize under such act the drainage of
what may properly be termed a lake of any considerable
depth and size, in contradistinction to wet or overflowed
land. A consideration of the cognate statutes we have men-
tioned, which contain broader grants of power, and the
course of adjudication by this court, tend to enforce this
conclusion. In view of the legislative provision that the
act under consideration is to be liberally construed to pro-
mote the drainage and reclamation of wet or overflowed
lands, we think that the existence of comparatively small
and shallow water basins on a selected course of drainage
will not prevent the establishment of a drain along such
course under said act. It is not jurisdictional that a stake
should be driven at every station, that the depth of cut
at such points should be indicated in every instance, or
that there should be excavation along the entire line of
drainage. Matters of this character are referred to in the
act in the course of giving direction for the laying out and
performing of the work. Minor departures from these re-
quirements, made necessary by the topography of the coun-
try along which the line of drainage is laid, are to be dis-
regarded, and we have only referred to such matters as
evidence leading to a comprehension of the general frame-
work of the act.

The above observations on the extent of the power under
said act are somewhat general, there being wanting a con-
crete case on which the court can pass. As pointed out,
there was nothing in the petition or the report of the view-
ers showing any facts which necessarily ousted the board of

its jurisdiction. This statement applies both to the matter of lakes and the mill-dam.

Where the authority of a board of commissioners is invoked by a petition the averments of which are such as to authorize the board to take jurisdiction, and it causes notice to be given to acquire jurisdiction over adversary parties, and undertakes to enter a judgment, we think that upon appeal the burden is upon the party who objects to the jurisdiction of the board over the subject-matter to show a want of such jurisdiction, and that he can not rely upon a record that merely suggests the possibility that the board was without authority in the premises. See *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232; *Hiatt* v. *Town of Darlington* (1899), 152 Ind. 570; *Jones* v. *Cullen* (1895), 142 Ind. 335.

If it were granted that the board of commissioners erred in overruling the objections made to its jurisdiction, instead of hearing evidence relative to the nature of the proposed drain, it would not follow that the board thereafter proceeded without jurisdiction, and its judgment on appeal was as impervious to the assault of a motion that was unsupported by evidence as it would have been on collateral attack.

Appellants have assigned as error the overruling of their motion, in the circuit court, to disregard the remonstrance and establish the ditch. As before stated, this motion assigned as a ground for such action that said remonstrant's waiver of the right to have reviewers appointed left him without any standing to object to the proceeding. It was not competent for reviewers to pass on the jurisdiction of the board, and therefore his objections to the jurisdiction, whether sufficiently presented or otherwise, still remained. If such objections were insufficient on their face, the court might have disregarded them, but error can not be predicated on the overruling of a motion that assigns an insufficient ground therefor. Appellant

should have raised an issue of law on said objections had he desired to question their validity.

The judgment of the Noble Circuit Court dismissing the petition and the report of the viewers and adjudging costs against the petitioners is reversed.