WHIRLEDGE ET AL. v. SHOUP ET AL.

[No. 20,647.   Filed November 17, 1905.]

1. DRAINS. — *Different Counties.—Viewers.—Reports.—Statutes. —Joint Authority.*—Under §5677 Burns 1901, §4308 R. S. 1881, a favorable report where two counties are interested in the construction of a drain, must be signed by not fewer than four viewers out of the six, since §240 Burns 1901, clause 2, §240 R. S. 1881, provides that where joint authority is given to three or more persons it shall be construed as giving such authority to a majority of such persons.   p. 487.

2. SAME.—*Viewers' Reports.—Notice by Auditor.—Dismissal.*— Where three of the six viewers of a drain report unfavorably, it is a report against the proposed drain; and no notice in such case is authorized to be given by the auditor under §5663 Burns 1901, Acts 1893, p. 329, §3, and the petition should be dismissed. p. 488.

3. SAME. — *Jurisdiction of Proposing County.* —. Under §5677 Burns 1901, §4308 R. S. 1881, the boards of commissioners of the counties interested must meet conjointly to decide whether a proposed drain is of public utility, and when they decide favorably the proposing county shall render a judgment ordering such construction, the other counties being under the legal duty to conform thereto.   p. 488.

From Elkhart Circuit Court; *William J. Davis,* Special Judge.

Proceedings by Noah Whirledge and another for the construction of a drain, against which John Q. Shoup and others remonstrate.   From a judgment for remonstrants, petitioners appeal.   *Affirmed.*

*E. A. Dausman* and *L. L. Burris,* for appellants.

*Miller, Drake & Hubbell* and *Deahl & Deahl,* for appellees.

MONKS, C. J.—This proceeding was commenced in May, 1903, by appellants under the act of April 21, 1881 (Acts 1881, p. 410), and the acts amendatory thereof and supplemental thereto (§5655 *et seq.* Burns 1901), to establish and construct a ditch having its head or source in Elkhart county, and its outlet in Lagrange county.   The board of

commissioners of each of said counties appointed three viewers "to meet and act conjointly," as required by §5677 Burns 1901, §4308 R. S. 1881 and Horner 1901. On October 26, 1903, the viewers appointed by the Board of Commissioners of the County of Elkhart reported in favor of, and those appointed by the Board of Commissioners of the County of Lagrange against, the proposed work. These reports were filed with the auditor of Elkhart county, who gave notice that said reports were filed, and of the time when the petition and said reports would be heard, as required by §5677, *supra*. Before the time set for hearing, a remonstrance was filed against said ditch, setting forth grounds therefor together with a bond, as required by §5665 Burns 1901, §4295 R. S. 1881 and Horner 1901. Two of said grounds were: "(3) That three of the six viewers appointed to view said proposed ditch reported adversely and against the establishment of the same. * * * (5) That a majority of the viewers appointed herein have not reported in favor of said ditch." Afterwards a motion was filed to dismiss said proceeding, assigning as cause the third and fifth grounds of remonstrance above set out. The cause was submitted to the Board of Commissioners of the County of Elkhart, and said board found "for the remonstrators, that said petition ought to be dismissed," and rendered judgment dismissing said petition. The petitioners appealed to the court below, where the proceedings were dismissed.

Section 5677, *supra,* provides that the joint viewers shall have the same powers and perform the same duties as provided in said act for viewers in a ditch in one county. This requires that when there are six viewers, as in this case, the report, if in favor of the proposed work, must be signed by at least four of said viewers to be sufficient. Section 240 Burns 1901, clause 2, §240 R. S. 1881 and Horner 1901, provides: "Words importing joint authority to three or more persons shall be

construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority."

Section 5663 Burns 1901, §4293 Horner 1901, Acts 1893, p. 329, §3, only authorizes a notice when the report filed by the viewers is in favor of the proposed work.

2. As the report in favor of the proposed work was not signed by a majority of the viewers, the notice of the hearing, given by the auditor, was without authority. The reports of the viewers, three for and three against the proposed work, must be treated as a report against the same, and under §5664 Burns 1901, §4294 R. S. 1881 and Horner 1901, it was the duty of the board to dismiss the petition.

Appellants insist, however, that as this court has held that under §5678a Burns 1901, Acts 1897, p. 231, §1, the whole jurisdiction or power is in the board of commissioners where the proceeding was commenced, 3. and the proceedings in the other counties into which the ditch extends are of an administrative character, the same rule applies to the viewers. Section 5678a, *supra,* expressly provides "That each board of commissioners required to act in the establishment and construction of a joint ditch, shall act by itself, sitting alone in its own county; all rendering like judgments conforming to the one rendered in the county having original jurisdiction." Said §5677 requires the proceeding to be commenced in the county containing the head or source of the ditch, and this court has held under §5678a, *supra,* that the board of commissioners of the other county may be compelled by mandate to perform their duties which are purely ministerial. *Strayer* v. *Taylor* (1904), 163 Ind. 230, 233-234. Section 5677, *supra,* in regard to the viewers, however, requires that the viewers appointed by the different counties act together as one body.

It follows that the court below did not err in dismissing the proceeding. Judgment affirmed.