No. 17,597.

WILSON *v.* TALLEY ET AL.

APPEAL.—*Drainage Proceeding.—County Commissioners.*—Alleged errors of the board of county commissioners in proceedings for a public ditch, cannot be considered on appeal from a judgment of the circuit court on appeal from a decision by the county commissioners.

SAME.—*Drainage Proceeding.—Motion to Dismiss Petition.*—Alleged error in overruling a motion to dismiss a petition for drainage on

a first appeal to the circuit court from the decision of county commissioners, in which the complaining party succeeded, will not be considered on appeal from a final judgment of such court on a subsequent appeal from the proceedings of such board.

DRAINAGE.—*Location of Ditch.*—*Constructing Diagonally Across Land.*—*Discretion of Viewers.*—A public ditch may be constructed diagonally across land, where it is the most eligible route in the discretion of the viewers, under section 5659, R. S. 1894, requiring the viewers, where it will not be detrimental to the usefulness of the work to locate the ditch on boundary lines, and, so far as practicable, to avoid laying the same diagonally across lands, but not to sacrifice the general utility of the ditch for such purpose.

BURDEN OF PROOF.—*Drainage Assessment.*—The burden of proving that assessments made by viewers in proceedings to construct a public ditch, are not in proportion to the benefits, rests upon a remonstrant.

WITNESS.—*County Assessor.*—*Drainage.*—A county assessor who is also a viewer in proceedings to construct a public ditch, is competent to testify as to the value of lands to be affected by the proposed drainage.

VERDICT.—*When Responsive to Issues.*—*Drainage.*—A verdict in the circuit court on the trial *de novo* of proceedings to open a public ditch, that the jury find for the petitioners, and that the proposed ditch will be of practical utility and conducive to public health, and that the assessments in the viewers' reports are in proportion to the benefits derived, and that no damages should be allowed a specified person—is responsive to the issues allowed by section 5671, R. S. 1894, authorizing an appeal to be taken.

APPELLATE PROCEDURE.—*Instruction.*— *Drainage.*— *Damages and Benefits.*—An instruction that in determining the damages from digging a ditch, the value of any benefits shall be deducted therefrom, is not ground for reversal on the ground that the benefits might have exceeded the damages, where no instruction in that regard is asked.

From the Jackson Circuit Court.

*W. T. Branaman* and *O. H. Montgomery*, for appellant.

*Applewhite & Applewhite*, for appellees.

HOWARD, J.—This action was begun before the board of commissioners of Jackson county, on a petition by appellees for a public ditch. The viewers ap-

pointed made their report in favor of the establishment of the ditch.

The appellant, on the overruling of his motion to dismiss the proceedings, filed a remonstrance, upon which reviewers were appointed, who also reported in favor of the work. On the overruling of a motion by appellant to set aside the report of the reviewers, the board entered an order for the establishment of the ditch as prayed for.

From this order appellant took an appeal to the circuit court, where his motion to dismiss the action was renewed and overruled by the court. His motion to refer the case back to the board for another review was, however, sustained, and reviewers were accordingly reappointed by the board. The reviewers again reporting in favor of the work, the board entered another order for its establishment. The appellant again appealing to the circuit court, the cause was submitted to a jury, and a verdict returned in favor of the establishment of the ditch; and judgment was entered accordingly. On the overruling of appellant's motion for a *venire de novo* and his motion for a new trial, this appeal followed.

Among the assignments of error, appellant has included certain alleged erroneous rulings of the board of county commissioners. These assignments, however, cannot be considered. The appeal is from the judgment of the circuit court, and only the action of that tribunal can be here reviewed.

The first error assigned on the rulings of the court is the overruling of appellant's motion to dismiss the petition for drainage.

An examination of the record, however, fails to show the making of such motion by the appellant or any ruling of the court thereon. It is true that such a motion was made and overruled on the first appeal

to the circuit court from the board of county commissioners. But the last appeal is quite distinct from the first. The appellant prevailed on the first appeal, and the cause was returned to the county board. The appeal to this court is from the final judgment in the court below; and that judgment was rendered upon the verdict of the jury on the trial of the questions raised on the second appeal from the county board. There is, therefore, no question presented by this assignment of error.

The next assignment of error is the overruling of appellant's motion for *venire de novo*.

The reasons given in the motion for *venire de novo* are: "That the verdict of the jury is not responsive to the issues involved; does not cover all the issues joined; and is so uncertain, indefinite and defective that no judgment can be rendered thereon."

An examination of the verdict fails to bear out the reasons thus given.

The statute, section 5671, R. S. 1894 (section 4301, R. S. 1881), prescribes the matters upon which an aggrieved party may take an appeal from the county board in such cases:

"First. Whether the ditch will be conducive to the public health, convenience or welfare.

"Second. Whether the route is practicable.

"Third. Whether the assessments made for the construction of the ditch are in proportion to the benefits to be derived therefrom.

"Fourth. The amount of damages allowed to any person or persons or corporation."

The verdict reads as follows: "We, the jury, find for the petitioners, and that the proposed ditch, in respect to both proofs thereof, will be of practicable utility, will be conducive to public health, and the assessments made and set down in the viewers' report

herein are in proportion to the benefits derived. We find that the defendant, Daniel Wilson, should be allowed no damages. We find that such ditch should be in all its parts established and constructed as set down in such viewers' report."

We think this verdict responsive to the issues allowed by the statute to be tried on such appeal; and that it is neither uncertain nor defective, but amply supports the judgment rendered upon it by the court. See *Steele* v. *Empson*, 142 Ind. 397.

The last alleged error assigned and discussed by counsel is the overruling of the motion for a new trial.

The jury found that the appellant would not be damaged by the construction of the ditch; and this conclusion, we think, was fully warranted by the evidence.

It is true that one branch of the ditch runs diagonally across a part of appellant's land; but we are satisfied from the evidence that this was the most eligible route for the drain, as it was along the low ground and on the most direct line. The question was, in reality, one for the discretion of the viewers. The provision of the statute in this regard, found in section 5659, R. S. 1894 (section 4289, R. S. 1881), is as follows: "And when it will not be detrimental to the usefulness of the whole work, they (the viewers) shall, as far as practicable, locate the ditch on the division lines between lands owned by different persons; and they shall, as far as practicable, avoid laying the same diagonally across the lands, but they must not sacrifice the general utility of the ditch to avoid diagonal lines."

It was said in *Metty* v. *Marsh*, 124 Ind. 18, a case brought under the same statute as the case at bar, that, "It is the duty of the viewers to locate the ditch or drain upon such line as they may deem best to ac-

complish the object sought, varying from the line described in the petition to such a degree as may be necessary to locate the ditch at a place where it will, in their judgment, accomplish the most good."

So, in *Zigler* v. *Menges*, 121 Ind. 99, it was said: "Whether it is practicable or expedient to construct a ditch upon the route proposed is a matter to be determined by the officers to whom the authority to locate ditches is entrusted."

Counsel also contend that the finding of the jury that the assessments as made in the report of the viewers are in proportion to the benefits, is not sustained by the evidence. The report of the viewers, however, was before the court, with the approval of the reviewers and also of the county commissioners. The report will therefore stand unless overthrown by the evidence. The burden was upon the remonstrant to show the error, if any, in the report. *Daggy* v. *Coats*, 19 Ind. 259; *Metty* v. *Marsh, supra; Denton* v. *Thompson*, 136 Ind. 446.

As if in contradiction of the foregoing contention, the appellant contends that the court erred in refusing to allow him to open and close in the trial court. The trial in the circuit court was not in the nature of an appeal from errors in the commissioners' court, but was a trial *de novo*, upon the petition and reports of such matters as were litigated before the commissioners. The relations of the parties were not changed. It is true that the petitioners, having brought a *prima facie* case in their favor from the commissioners' court, were not required to adduce further proof or argument in support of their case; but they still remained the plaintiffs, with the right to the opening and closing. It was for them to present their case to the court, with evidence and argument if they

saw fit, and then for the remonstrant, if he saw fit, to attempt the overthrow of the case so made.

It is argued that the court erred in overruling appellant's motion to strike out the testimony and opinion of William H. Thomas as to the value of appellant's lands to be affected by the proposed drainage. Thomas was one of the viewers and was also county assessor. We do not think the court abused any discretion in refusing to strike out his testimony. The weight to be given to the evidence so admitted was for the jury.

The exclusion of certain evidence offered by appellant to show the practicability of another route than that fixed upon by the viewers, is objected to by appellant. The question, however, was whether the route selected was practicable, not whether some other route might not be more practicable. This, besides, as we have before shown, was a question entrusted to those designated by law to locate the ditch; and, in the absence of fraud or a gross abuse of discretion, their action will not be reviewed by the courts. See *Bonfoy* v. *Goar*, 140 Ind. 292, and authorities cited.

Other alleged errors, chiefly relating to instructions given to the jury, have, as we think, been sufficiently considered in what we have already said. The questions so raised are settled against the contentions of appellant by the decisions of this court above cited.

The judgment is affirmed.

Filed December 10, 1895.

## ON PETITION FOR REHEARING.

HOWARD, J.—The appellant, after rearguing the questions which were fully considered at the original hearing, says that we failed to consider the objections made to the instructions given by the court

Wilson v. Talley et al.

on the trial, and particularly the objections to instruction number 7.  In this instruction, the court, after informing the jury as to the measure of damages to appellant's land, added: "If you find any damages in Wilson's favor upon the measure therefor herein stated, you should include all damages present and prospective, deducting, however, any value of benefits to be by him derived, present or ultimately, by the establishment of the ditch."

This instruction we think right so far as it goes. If, however, appellant was of opinion from the evidence that Wilson's benefits were greater than his damages, and that in such case the jury should be informed that the damages should be deducted from the benefits, he should have prepared instructions covering that point and asked the court to give them to the jury.

It is the difference between the benefits and damages to any particular piece of land that gives the net or real benefit or damage which should be assessed to that land.

So it is said in section 3635, R. S. 1894 (section 3172, R. S. 1881), in relation to opening or vacation of streets: "In cases where both benefits and damages shall be assessed upon the same real estate, or to the same person or persons, the benefits, if less than the damages, shall be deducted from the assessment of damages."

And in section 5660, R. S. 1894 (section 4290, R. S. 1881), the "damages" referred to in relation to drainage, which shall be assessed to the parties owning the lands benefited, mean the actual damages left, if any, after deducting the benefits.  If, to use appellant's figures, his damages were $272 and his benefits $271, his real damages would be $1, and this should be

paid by the parties benefited.   So, also, the benefits which an owner shall·be assessed are the net benefits after deducting all the damages, if any, which he may suffer.

On careful consideration of the case, we do not find that the trial court committed any available error.

The petition is overruled.

