HANSEN et al., Respondents, v. HANSEN, Appellant.

(161 N. W. 188.)

(File No. 4149.   Opinion filed February 3, 1917.   Rehearing denied March 22, 1917.)

**Appeals—Dismissal of Appeal—Probate Judgment Defining Homestead, Whether an Order—Statute.**

    Where, on appeal to the circuit court from a decree and judgment of the county court, under a petition therefor, allotting to a widow land, as her homestead exemption, the circuit court, on a trial de novo rendered a judgment and decree setting aside said land as such exemption, held, that Prob. Code, Sec. 342, providing that when a judgment or decree is made setting aside and defining a homestead, etc., contemplates that the county court shall so act by judgment or decree; and the action of both the county court and the circuit court was by judgment or decree; such judgment was a final judgment, and not an order; and Code Civ. Proc., Sec. 442, limiting the time for appeal from an order to the Supreme Court, does not apply.   This appeal will not be dismissed.

Appeal from Circuit Court, Hamlin County.   Hon. CARL G. SHERWOOD, Judge.

    Petition by Bergetta Hansen, as the widow of Nils Hansen, deceased, in the county court, to have allotted to her certain land

as her homestead exemption. From a judgment and decree of
the circuit court upon appeal from a judgment and decree of the
county court allotting certain land, as petitioner's homestead
exemption, to the extent of $5,000 in value, petitioner appeals.
On motion to dismiss appeal. Motion denied.

*W. N. Skinner,* and *E. P. Campbell,* for Appellant.

*M. J. Russell,* for Respondents.

Appellant cited: Prob. Code, Secs. 363, 357, 10, 345; Code
Civ. Proc., Secs. 440, 442, 462, 236, 548, 276; Mouser et al. v.
Palmer, 2 S. D. 466; McGourkey v. Toledo & O. C. R. Co., 146
U. S. 536, 36 L. Ed. 1079, 138 S. C. R. 170.

Respondents cited: Prob. Code., Sec. 10; Sec. 345, subd. 4;
Secs. 342, 359, 155; Laws 1913, Chap. 236; Pol. Code, Secs.
3222, 3230, 3239; Code Civ. Proc. Sec. 345, subd. 7; 3 Corpus
Juris 433.

McCOY, J. Bergetta Hansen, as the widow of Nils Han-
sen, deceased, filed her petition in the county court of Hamlin
county, wherein the estate of said Nils Hansen was then being
administered, to have allotted and set off to her a certain 158.10
acres of land, being a portion of said estate, as her homestead
exemption under and by virtue of the laws of this state. Certain
heirs and interested parties filed objections and made answer to
said petition. After due notice and trial and hearing on said
petition and answer, the county court made and entered its decree
and judgment whereby it was "ordered, adjudged, and decreed that
said real estate be set apart as a homestead for the use of said
Bergetta Hansen, widow, during her lifetime, and Melvin Han-
sen, minor child, during his minority." Thereafter the said heirs
and interested parties duly appealed from said judgment and
decree to the circuit court on questions of both law and fact, and
demanded a trial de novo in the circuit court. Thereafter in the
circuit court a trial was had and findings of fact and conclusions
of law and judgment and decree entered thereon setting aside
said land, including the dwelling house, to said widow and minor
child as a homestead exemption to the extent of $5,000 in value,
which said last-mentioned judgment was signed by the judge,
attested and filed by the clerk of the circuit court on the 29th
day of June, 1916. Thereafter, on the 21st day of December,

1916, the said Bergetta Hansen duly served notice of appeal and undertaking, appealing said cause to the Supreme Court from that part of said judgment and decree of circuit court limiting the right and extent of said homestead to $5,000. Motion is now made to dismiss said appeal on the ground that the time within which an appeal was permitted had expired prior to the serving of said last-mentioned notice of appeal. It is the contention of the present respondents that the said action of the circuit court in setting apart and defining said homestead was an order, and not a judgment, and that the provisions of section 442, Code Civ. Proc., limiting the time to sixty days after written notice of order, applies to this appeal; while, on the other hand, the appellant, Bergetta Hansen, contends that said action of the circuit court was a final judgment and decree of the circuit court from which an appeal might be taken within two years. We are of the opinion that the action of the county court in setting apart and defining said homestead upon said petition and answer was a judgment and decree of that court as distinguished from a court order. Section 342 of the Probate Code provides that, when a judgment or decree is made setting apart and defining the homestead, * * * a certified copy of the same must be recorded in the office of register of deeds in the county in which the real property is situated. This section of the Probate Code clearly contemplates that the county court shall set apart and define the homestead by a judgment or decree. The very nature of the action taken by the county court in setting apart and defining a homestead is to fix and determine on that particular property a life estate to the widow and an estate for a term of years to the minor child. Such estates so fixed may exist long after the final settlement and distribution of the general estate of the deceased, and a judgment and decree would therefore seem to be more naturally appropriate than a mere order. If the county court acted by judgment and decree in this particular, it necessarily follows that the circuit court in a trial de novo of the same matter on appeal would act by judgment or decree. The action of the county court as well as that of the circuit court was in the usual form and language of a judgment or decree. We are of the opinion that the action of the circuit court setting apart said homestead and limiting the value thereof

to $5,000 was a final judgment, and not an order, and that the limitation of two years within which to appeal is applicable thereto. While we are of the view that two years is entirely too long a time in which to permit appeals in such cases; yet, as the Legislature has fixed two years as the limit for appeals from final judgments without any qualifications, it is not for this court to say otherwise.

The motion to dismiss the appeal is therefore denied.