In Re DRAINAGE DITCH NO. 12, Minnehaha County, South Dakota. Appeal of MYRTLE F. JONES, et al.

.(182 N. W. 770.)

(File No. 4773.   Opinion filed April 25, 1921.)

1.  **Trials—Drainage Petition, Appellate Trial in Circuit Court— Auditor's Transmission of Appeal Papers, Hearing as Original Action, Whether De Novo Trial.**

Under Sec. 8469, Code 1919, concerning appeals from orders of County Commissioners in drainage proceedings, and providing that on service of notice of appeal County Auditor shall transmit to Clerk of Courts the petition and all other papers and records in the matter, and that such matters shall be heard as an original action in circuit court, held, that the court trial should be de novo; petitioners becoming plaintiffs and protestants becoming defendants, the court occupying the same position as county board at time of hearing before latter.

2.  **Drainage—Circuit Court Trial on Appeal From County Commissioners—Board's Report and Findings, Whether Admissible, Prima Facie Effect.**

Under Sec. 8460, Code 1919, providing that State Engineer with board of county commissioners shall inspect proposed drainage route, etc., and that County Auditor shall furnish State Engineer with copy of surveyors report (required by Sec. 8461), and that State Engineer shall assist and advise county board concerning such drainage, and Sec. 8461, further providing that after inspection or after receipt of surveyor's report the board shall determine line and width of ditch if not fixed in petition, and file its determination with the petitioner, held, that such surveyor's report and its approval by the board, the latter's determination and state engineer's approval of report, together with what they saw upon inspection, constitute the evidence on which they made their findings; and such records properly authenticated were admissible in evidence on the appellate trial in circuit court to constitute a prima facie case in plaintiff's favor; (following In Re Yankton-Clay County Drainage Ditch, 30 S. D. 79, 137 N. W. 608.)

3.  **Same—Commissioners' Order Establishing Ditch, Whether Admissible on Appeal—Erroneous Admission of Evidence For**

Restricted Purpose, Denial of Judgment as Curative—Protest of Ditch, Non-specifications of Reasons, Futility.

The order of County Commissioners establishing (under Sec. 8461, Code 1919) a drainage route and ditch, is inadmissible on the trial on appeal from county commissioners report to circuit court, in making out prima facie case; since the propriety of making such order was the question involved in the appellate trial. But, while the admission of the original petition, the report and plat of county engineer and approval of state engineer, and certain other papers filed before county commissioners, together with their orders, for the sole purpose of showing what was before the county board to give that body jurisdiction, was erroneous, such error was cured by denial of defendants-appellants' motion for judgment. **Held,** further, that such ruling was non-prejudicial, since defendants-appellants' protest merely protesting against establishment of ditch and asking commissioners to "take such action that the petition heretofore filed * * be dissolved and rejected," without stating ground or reason for its rejection, presented no triable issue; that such protest should set out reasons why ditch should not be established, so that petitioners may know what they will be called upon to try.

**4.   Appeals—Error—Inadmissibility of Evidence, Non-consideration of Where Evidence Abundant.**

Rulings of trial court upon admissibility of evidence will not be considered, where there was an abundance of undisputed evidence to sustain findings.

**5   Drainage—Establishment of Ditch—Sufficiency of Evidence Re Lay of Land, Adjacent Road Grades, Dimensions of Proposed Ditch Through Creek Valley—General Drainage as Proposed, Effect.**

Where, in a drainage proceeding, undisputed evidence shows land adjacent to the creek valley to be drained as very flat, that in spring flood a wide area is overflown, and sometimes in midsummer, that much of the land is too wet for cultivation, that sundry road grades are during a great portion of the season soft and muddy for want of drainage, that the proposed ditch, while much shorter than sinuous course of creek, is wider and some deeper than the creek channel, that surplus water will run off much faster through proposed ditch than through creek channel, and that facilities for agriculture will be greatly improved; **held,** that the evidence warrants finding of county board that construction of proposed ditch would conduce to public health, convenience and welfare and is necessary and practicable for agricultural drainage, within Sec. 8462, Code 1919, and supports findings and judgment accordingly. **Held,** further, that while evidence tended to show that it is water-

soaked soil rather than overflow that renders land uncultivat-
able, yet it is obvious that soil will dry out faster if surface is
drained than otherwise.

Whiting, J., (dissenting.)

In the Matter of Drainage Ditch No. 12, Minnehaha County,
South Dakota.  Appeal of Myrtle F. Jones and others.  From an
order of the county commissioners of Minnehaha County estab-
lishing the drainage ditch in controversy, contestants, Myrtle F.
Jones and others, appealed to the Circuit Court, which court made
findings and rendered judgment for petitioners; from which
judgment and from an order denying a new trial, protestants
appeal.  Affirmed.

*Caldwell & Caldwell,* for Contestants and Appellants.

*E. O. Jones* and *C. J. Morris,* for Petitioners and Respon-
dents.

(2)  To point two, Contestants and Appellants cited:  In re
Judicial Ditch No. 14 of Martin Co. (Minn.) 138 N. W. 675;
In re Madsen (Minn.) 135 N. W. 1003.

Petitioners and Respondents cited:  In re Clay County
Drainage Ditch, 30 S. D. 79; Sec. 8462, Code 1919.

(3)  To point three, Contestants and Appellants cited:  In
re Judicial Ditch No. 14 of Martin Co., (Minn.) 138 N. W.
675; Railway Co. v. Duncan (Minn.) 91 N. W. 271.

POLLEY, P. J.  This appeal grows out of a controversy
over the establishment of a drainage ditch in Minnehaha county.
The proposed ditch is 10¼ miles in length, and is intended to
drain what is known as the Skunk Creek valley.  The area to be
affected by said ditch comprises some 5,100 acres of land.  All
the preliminary steps required by statute were taken.  Certain
interested parties, who were opposed to the construction of the
ditch, filed a protest, and a hearing was had before the board of
county commissioners.  At the termination of the hearing said
board adopted a resolution, declaring such drainage ditch to be
conducive to the public health, convenience, and welfare, and that
it is necessary and practicable for the drainage of agricultural
land.  They also by said resolution established said ditch under
the designation of "Drainage Ditch No. 12."  The protestants
took an appeal from the order of said board to the circuit court,
where the matter was tried by the court without a jury.

At the opening of the trial, the petitioners, over the objec-

tion of the appellants, introduced in evidence the original peti-
tion, the report and plat filed by the county engineer, and the
approval of the state engineer, together with such other papers.
in the matter as had come before the county commissioners, to-
gether with their orders. The petitioners then rested. The ap-
pellants thereupon moved for judgment dismissing the petition
on the ground that there was no competent evidence before the
court on which to base a finding for the petitioners. This motion
was overruled, and the ruling thereon is assigned as error. The
instruments above enumerated were admitted in evidence for the
purpose and with the understanding by the court that they were
for the purpose only of showing what was before the board of
county commisssioners to give that body jurisdiction to act in the
matter.

[1]   Section 8469, Rev. Code, under which the appeal was.
taken, provides that upon the service of the notice of appeal the
county auditor shall transmit to the clerk of courts the petition
and all other papers and records in the matter, and that such
matter shall be heard as an original action in the circuit court.
This means that the proceedings shall be tried de novo. Hardy
v. McKinney, 107 Ind. 364, 8 N. E. 232. The petitioners become
plaintiffs, and the protestants become defendants. Wilson v.
Talley et al., 144 Ind. 74, 42 N. E. 362, 1009. For the purpose
of the trial on the appeal the circuit court occupies the same
position as the board of county commissioners at the time of the
hearing on the question of establishing the ditch. In re Yankton
Clay County Ditch, 30 S. D. 79, 137 N. W. 608.

[2]   In addition to the report of the findings and the ap-
proval of the project by the state engineer, the members of the
board of county commissioners are required to go upon the
ground and make an examination of the project (section 8460,.
Rev. Code), and such report and approval, together with what
they saw while upon the ground, constituted the evidence on
which they made their findings. Upon appeal these records,
properly authenticated, were admissible in evidence to constitute
a prima facie case in favor of the plaintiffs (Hunt Drainage
District v. Cole, 283 Ill. 105, 118 N. E. 1037; Wilson v. Talley,
supra), and such was the theory on which the court based its.
opinion In Re Yankton Clay County Ditch, supra.

[3] The order of the county commissioners, establishing the ditch, of course, was not admissible for the purpose of aiding in making out the prima facie case, because the propriety of making such order was the very question that was being tried.

Consequently, while there was error in restricting the purpose for which the other documents were admitted, such error was cured by the denial of appellant's motion for judgment.

Such ruling was, in any event, non-prejudicial to appellants, because their protest presented no triable issue as to anything contained in the petition. The protestants merely protested against the establishment of the ditch, and asked the county commissioners to "take such action that the petition heretofore filed with said board be disallowed and rejected," without stating any ground or reason why the same should be rejected. A protest of this kind should set out the reasons why the ditch should not be established in order that the petitioners may know what they will be called upon to try and may come prepared to meet the issue tendered by the protest. A petition may be rejected for any one of several grounds, but unless such ground is set out in the protest the plaintiff must come to the trial prepared to meet every objection that can be raised to the project. This ought not to be required.

Findings and judgment were in favor of the petitioners, and the protestants appeal to this court.

The appellants complain of the rulings of the trial court upon the admission and rejection of certain testimony, and also of the insufficiency of the evidence to support the findings and judgment of the court.

[4, 5] It is not necessary to consider the rulings of the court upon the admissibility of the evidence, because in our opinion we might disregard all the evidence, the admissibility of which is questioned, and still have an abundance of undisputed evidence to sustain the findings of the court. The undisputed evidence shows that the land adjacent to Skunk creek is very flat; that when the snows melt in the spring, a strip of land a quarter of a mile to three-quarters of a mile in width overflows, and that in case of excessive rains it overflows during the growing season, and sometimes as late as harvest time; that there is

a considerable amount of land along the valley that it too wet and boggy to be cultivated, although the greater part of this said boggy land can be used, and is used, for raising hay and for pasture land. It also appears, that there are several miles of public highways along and across the valley, and that because of the insufficient drainage afforded by Skunk creek, these roads, during a great portion of the season, are so soft and muddy as to be practically impassable; that in places the roads have been graded up above the level of the ground, but that the water stands in the ditches along the roadsides in such quantities as to keep the roads in a soft, muddy condition.

The present channel of Skunk creek is from 8 to 10 feet in width and about 3 feet in depth. The proposed ditch is to be 28 feet in width on the bottom, with an average depth of a little more than 4 feet. Because of the winding, sinuous course of the creek its present channel between the terminals of the proposed ditch is much greater in length than the ditch, and because of this fact, and because of the curves in the bank of the stream and the grass and vegetation growing in the stream and along its banks, the water in the channel moves very slowly. One of the appellants testified that "one must take particular notice to see any current in the creek."

There are places along the valley where the land adjacent to the proposed ditch is higher than it is some distance back from the creek. There are also some sloughs that have no outlet into the creek or into the proposed ditch. It is apparent that without latterals these places will not drain into the ditch over the surface of the ground, but it is also apparent that the surplus water in the valley will run off very much faster through the ditch, when constructed, than it now does through the channel of the creek. This will drain and greatly improve the highways in the valley. It will also drain and greatly improve much of, though perhaps not all, the land that is now too wet for cultivation. This is sufficient to warrant the finding made by the board of county commissioners that the construction of the proposed ditch would be conducive to the public health, convenience, and welfare, and that it is necessary and practicable for the drainage of agricultural land within the provisions of section 8462, Rev. Code, and amply supports the findings and judgment of the trial court.

Much time was consumed at the trial in showing that it is the water contained in the soil, rather than the overflow on the surface, that renders the land unfit for cultivation. This may be true, but it needs no evidence to convince the court that the soil will dry out much faster if the surface is drained than it will if allowed to overflow once or twice every season as it has done in the past.

The judgment and order appealed from are affirmed.

WHITING, J., dissenting.