BRAGSTAD, Appellant, v. INTEGRITY MUTUAL CASU-
ALTY COMPANY et al, Respondents.

(212 N. W. 864.)

(File No. 6124.  Opinion filed April 1, 1927.)

1. **Master And Servant—Industrial Commissioner—Workman's Com-
pensation—Affirmance Of Decision Of Industrial Commissioner
Does Not Require New Findings.**

On appeal from decision of the industrial commissioner,
since an affirmance by the circuit court means an adoption
of findings of the award made by the commissioner, there is
no necessity for making new findings.

2. **Master and Servant—Evidence Held to Sustain Denial of Work-
men's Compensation to Corporate Officer Specifically Excluded
From Compensation Policy.**

Evidence that compensation claimant was an officer of em-
ployer company, and specifically excluded from compensation
policy, and that pay roll did not show him listed as an em-
ployee, held to sustain finding of the industrial commissioner
denying compensation.

---

Note.—See, Headnote (1), American Key-Numbered Digest,
Master and Servant, Key-No. 417(9), Workmen's Compensation Acts,
C. J. Sec. 123 (Anno); (2) Master and servant, Key-No. 405(2),
Workmen's Compensation Acts, C. J. Sec. 114.

On right and extent of review of findings of industrial accident
commission, see annotation in L. R. A. 1916A, 163, 266; L. R. A.
1917D, 186; 28 R. C. L. 827; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp.
1871; 5 R. C. L. Supp. 1580; 6 R. C. L. Supp. 1766.

Appeal from Circuit Court, Union County; HON. HERBERT B.
RUDOLPH, Judge.

Proceedings under the Workmen's Compensation Act (Acts
1917, c. 376) by Adolph N. Bragstad, compensation claimant, op-
posed by the Bragstad Concrete Machinery Company, the employ-
er, and the Integrity Mutual Casualty Company, the insurer. From
a judgment of the circuit court affirming a decision of the indus-
trial commissioner denying compensation, and from an order de-
nying motion for new trial, claimant appeals.  Judgment and order
affirmed.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Bailey & Voorhees* and *Roswell Bottum,* all of Sioux Falls,
for Respondents.

MORIARTY, C.   The appellant, Adolph N. Bragstad, on April 30, 1925, filed with the industrial commissioner of this state a claim for compensation for an injury alleged to have been suffered by him while working as an employee of the Bragstad Concrete Machinery Company.   The injury was alleged to have been suffered on June 11, 1924.   The claimant sought to recover compensation as against the respondent Integrity Mutual Casualty Company, on the ground that said respondent had issued a policy of workmen's compensation insurance covering the employees of the Bragstad Company; that claimant was an employee covered by said policy; and that the policy was in force at the time of his injury.

A board of arbitration was formed to consider the claim, and evidence was taken before such board.   After hearing the evidence submitted, the board of arbitration entered its decision to the effect that the claimant was not entitled to compensation, giving as one reason for such decision that the provisions of the compensation policy specifically excluded the claimant, A. N. Bragstad, as an officer of the Bragstad Company.

Claimant demanded a review of this decision of the arbitration board by the industrial commissioner.   Such review was had; no evidence being submitted except that which had been taken before the board of arbitration.   As a result of the review, the industrial commissioner affirmed the decision of the arbitration board.

In his findings on review the inductrial commissioner found:

"That the claimant, A. N. Bragstad, is not entitled to any compensation, for the reason that he was specifically excluded from the policy of insurance by name and position; and for the further reason that the record indicates that any wages which may have been paid the said A. N. Bragstad as an employee of the Bragstad Concrete Machinery Company were not included in the pay roll submitted at the close of the year 1924, on which the premium paid for workmen's compensation insurance for that year was based."

From this decision of the industrial commissioner the claimant appealed to the circuit court of Lincoln county.   Before that court, without a jury, the evidence originally considered by the arbitration board was presented, and certain objections to certain parts of said evidence were interposed.

The circuit court affirmed the decision of the industrial commissioner, and entered judgment accordingly. From that judgment and an order denying a new trial the claimant appeals to this court.

[1]  In their brief, appellant's counsel present two contentions: First, that the judgment should be reversed, because it was entered without the making of any findings of fact or conclusions of law; second, that there is no evidence sufficient to support the decision of the arbitration board, afterward adopted by the industrial commissioner and affirmed by the circuit court.

As to the failure to make findings: The procedure established for appeals to the circuit court, in the matter of these claims, provides for a mere review of the record and the decision appealed from. An affirmance means an adoption of the findings of the award made by the commissioner, and in case of such affirmance there is no need for making new findings.

[2]  As to the sufficiency of the evidence to support the findings and the judgment: This contention is based upon the fact that the record does not show that either the insurance policy or the pay roll showing the list of employees covered was admitted in evidence. It is true that the record fails to show any formal offer or reception of these papers. But the record does show that each of them was marked as an exhibit, and evidence was admitted as to certain entries in each. It is very clear that the board of arbitration, the industrial commissioner, and the circuit court each in turn considered these exhibits, and that the finding that the provisions of the policy specifically excluded the claimant, and that the pay roll shows that he was not listed as an employee, was based upon these exhibits.

Counsel for appellant seem to ignore the fact that their client had the affirmative in the proceeding. It was incumbent upon him to prove the existence of the policy, and, had he proven this by introducing the policy, excluding him from coverage, as the decisions say it did, he would then have to show his change of status from an officer to an employee by introducing the pay roll; so that appellant is now contending that the very exhibits necessary to the establishment of his claim were never put in evidence.

If we treat these exhibits as being in evidence, we must consider that they furnished evidence to support the findings. On the

other hand, if the exhibits were not in evidence, claimant failed to establish his case, and was not prejudiced by the findings or the judgment appealed from.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.