BADGER STATE BANK, et al, Appellants, v. WEISS, et al, Respondents.

(245 N. W. 41.)

(File No. 6789. Opinion filed November 1, 1932.)

T. B. Thorson, Special Counsel, of Rapid City, and Max Royhl, of Huron, for Appellants.

Wm. H. Warren, of De Smet, for Respondent Fred Weiss.

Hall & Eidem, of Brookings, for Respondent Emma Weiss.

RUDOLPH, J.   The brief and abstract of the appellant sets forth the following:   This proceeding was commenced by the superintendent of banks filing in the circuit court of Kingsbury county a paper designated a "petition."   In this verified "petition" the superintendent of banks set forth that the Badger State Bank of Badger, S. D., suspended business on the 29th day of March, 1928, and was taken in charge by the superintendent of banks for the purpose of liquidation; that, pursuant to the provisions of chapter 104 of the South Dakota Laws of 1925, deposit creditors of the said Badger State Bank representing more than eighty per cent of the amount of the deposits of said bank, determined as of the date of suspension, joined in executing a writing for the reorganization of the said bank; that the superintendent of banks in his discretion allowed such reorganization.   The request was that the court issue a show cause order addressed to the creditors of the Badger State Bank, requiring them to show cause why the said Badger State Bank should not immediately reopen as a solvent corporation, and why all depositors of such bank who had not signed the reorganization plan should not be bound and held by the terms thereof.   The court did thereupon issue an order to show cause, and fixed a time for hearing, notice of which was given by publication of the said order in a paper within the county.   Prior to

the time of the hearing, the defendant Emma Weiss appeared and by affidavit set out facts which she alleged entitled her to a preferred claim against the assets of the Badger State Bank, and asked that the petition of the superintendent of banks for the reorganization be denied, unless he first pay to her, out of the assets of the said bank, the amount which she claimed she was entitled to as a preferred creditor. The affidavit of Emma Weiss was supported by other affidavits, to which the superintendent of banks replied by filing further affidavits. Thereafter the circuit court ordered the defendant Fred Weiss to "interplead," and Fred Weiss did appear and file affidavits setting forth his claimed rights. Thereafter the court held a hearing, and heard testimony other than that submitted by affidavits, and finally entered what is denominated "findings of fact," "conclusions of law," and "judgment." By the purported judgment it was ordered that the Badger State Bank could reorganize as a solvent corporation under the terms and conditions of the agreement signed by the depositors. It was further ordered that the superintendent of banks pay to Emma Weiss the amount of money she claimed as a preferred claim against the assets of the said bank, and it was further ordered that the superintendent deliver to Fred Weiss a certain deed left with the said bank. The superintendent thereafter attempted to perfect an appeal from this purported judgment, and the matter is now before us for our determination.

We are of the opinion that the so-called and designated judgment is not a judgment at all within the meaning of title 2, Rev. Code 1919 (section 2089 et seq.), relative to new trial and appeal in civil actions.

A judgment is defined by section 2484, Rev. Code 1919, as follows: "A judgment is the final determination of the rights of the parties in the action." However, every final determination by a court of a matter pending before it does not necessarily mean that such a determination is a judgment within the meaning of said title 2 of our Code. Section 2592, Rev. Code 1919, defines an order as follows: "Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order." An order within the meaning of said section 2592 has its inception in a motion, section 2593, Rev. Code 1919,

providing: "An application for an order is a motion." The definition of a judgment is the first section of part 6 of title 2 of our Code (section 2484), which is headed "Trial and Judgment." In the same part 6 of the Code there is found section 2560, which provides: "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision." This section, we believe, clearly indicates that an action, which results in a judgment (as distinguished from an order), is such an action as has for its basis pleadings which frame the issues, and, the issues being framed, the court acts only after a trial of these issues. A trial is defined by our Code in section 2491 as follows: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." Issues of law and issues of fact, determined in a trial, arise as result of pleadings in the form of complaint, answer, reply, or demurrer, as provided in sections 2488 and 2489.

We are of the opinion that the determination of the trial court in this matter does not in any respect assume the nature of a judgment, in so far as the provisions of our Code relative to appeal are concerned. There are no pleadings in the form of a complaint, answer, or reply upon which issues were joined and a trial held. It is not a special proceeding for which special provision is made in section 2995; neither is it an appeal to the circuit court from the action of any officer, board, or inferior tribunal, in which event a somewhat different rule than herein announced might apply. See In re Drainage Ditch No. 12, 44 S. D. 157, 182 N. W. 770; In re Petition of Shank for Drainage Ditch, 45 S. D. 297, 187 N. W. 537; In re Mulligan's Estate (Ryan et al v. Lundberg), 60 S. D. 74, 243 N. W. 102. The so-called petition, filed in the circuit court of Kingsbury county, was nothing more than a motion. This motion was brought on for hearing by a show cause order. We conclude, therefore, that the determination of this matter, which had its inception by means of a motion brought on for hearing by an order to show cause and which was not based upon any pleadings, was not a judgment of the trial court within the meaning of title 2, Rev. Code 1919, relative to new trial and appeal in civil actions, but was, in fact, nothing more than an order.

■ ■ This court has recently decided the case of Schurman v. Schurman et al, 60 S. D. 489, 245 N. W. 39, wherein it was held that, before this court will review an order entered by the trial court, which review necessitates a review of the record made in the trial court, the record must be authenticated under the provisions of rule 6, adopted for trial courts of record. There has been no attempt to in any manner authenticate the record in this case. The appeal purports to be from the so-called judgment only. This judgment has for its basis findings of fact and conclusions of law signed by the trial judge. But these so-called findings of fact cannot take the place of the certificate required by rule 6. There is no attempt made in these findings of fact to designate upon what the order is based; the facts are simply determined; there is no mention of what formed the basis of this determination.

We are of the opinion that findings of fact are not contemplated when the decision of the court results in an order. Findings of fact are the findings of the trial court upon the issues formed in a trial. These issues are classified in section 2489, Rev. Code 1919. The California court had before it the question of whether findings of fact form any part of the basis of an order entered by a trial court in the case of Waller v. Weston, 125 Cal. 201, 57 P. 892, 893, wherein that court said: "It is contemplated by our law that findings of fact shall be made only upon issues joined by the pleading, under section 590 [corresponding to section 2489, Rev. Code 1919] of the Code of Civil Procedure, where the decision of the court following the findings is a judgment."

We conclude that the "findings of fact" here entered are not, in any manner, conclusive as to what the facts actually are, and that the only manner in which the facts may be brought to this court's attention is by means of authenticating the record as provided in rule 6. This has not been done, and it follows from what was said in the case of Schurman v. Schurman et al, supra, that the order appealed from should be and is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.