JONKE, Respondent, v. NORTHERN STATES POWER COMPANY, Appellant.

(245 N. W. 471.)

(File No. 7406. Opinion filed November 28, 1932.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*T. R. Johnson,* of Sioux Falls, and *Carlos W. Goltz,* of Sioux City, Iowa, for Respondent.

CAMPBELL, P. J. Claimant, Jonke, was in the employ of Northern States Power Company, and, while working on a transmission line on June 15, 1929, fell from a pole to the ground. He related the circumstances of the accident to the foreman under whom he was working, and was told to go home and stay until he felt able to return to work. He went home, and a day or so after the accident a swelling developed near the base of his spine and broke, discharging a watery fluid. Jonke remained at home a week, and then went back and resumed his employment with the Northern States Power Company. He worked for them continuously until some time in the fall of 1929. In March, 1930, he removed to Sioux City, Iowa, and entered the employ of the Cudahy Packing Company, working for them continuously until about March 1, 1931. During the period from the time of the accident to March, 1931, he lost no time from work, excepting the one week at the time of the accident, for which he was paid in full in like manner as though he had been working and his earning capacity was not impaired. Jonke testified that he had some pain at the base of his spine from the time of his fall in June, 1929, and that in the fore part of March, 1931, the pain became worse and he then consulted a physician and had to go home and go to bed. He stayed in bed some two weeks, was then operated upon by a doctor in Sioux City, and was unable to return to work until some eight weeks after the operation. Jonke filed a claim for compensation with the industrial commissioner March 21, 1931, which was the first demand of that sort he ever made. He gave no notice of any injury to the Northern States Power Company in March, 1931, or

at any other time, and they had no knowledge or notice of any injury to Jonke excepting such knowledge as may be imputed to them from the fact that through their foreman they knew of the occurrence of the accident on June 15, 1929, and knew that Jonke "laid off" for a week at that time because of such accident.

After the filing of the claim for compensation on March 21, 1931, the matter came on for hearing before the industrial commissioner; a board of arbitration being waived. The commissioner made findings and conclusions in favor of Jonke and awarded him certain compensation. The employer petitioned for review, which was denied by an order of the industrial commissioner, whereupon the employer appealed to the circuit court of Minnehaha county, S. D., which court on December 3, 1931, entered its judgment affirming the decision and award of the industrial commissioner. Thereafter, and on March 9, 1932, appellant perfected an appeal from the decision of the circuit court to this court.

■■ Respondent has moved here to dismiss the appeal, thereby presenting two preliminary questions. The original decision of the industrial commissioner was rendered August 8, 1931, the commissioner sitting in lieu of a board of arbitration. The employer petitioned for review on August 14, 1931, and the review was denied on August 19, 1931. An appeal to the circuit court of Minnehaha county was taken by the employer on August 25, 1931, from such order of August 19. Respondent urges that the employer lost its right of appeal to the circuit court because it did not appeal from the order of August 8, 1931, within ten days. This point is ruled adversely to respondent's contention by the decision of this court in Murray v. Stokke (1932) 60 S. D. 224, 244 N. W. 265, wherein we held that the decision of the industrial comissioner sitting in lieu of the board of arbitration is not appealable. Respondent further urges in support of his motion that the decision of the circuit court on December 3, 1931, was an order as distinguished from a judgment, and that any appeal therefrom must be taken within sixty days after written notice of the filing thereof. Section 3147, Rev. Code 1919. We have recently had occasion to consider to some extent the distinction between orders and judgments. See Badger State Bank v. Weiss (1932) 60 S. D. 484, 245 N. W. 41. We are of the opinion that the decision of the

circuit court on an appeal from the industrial commissioner falls within the exception suggested in the foregoing case with reference to appeals to the circuit court from the decisions of officers, boards, or inferior tribunals, and we think the final determination of the circuit court upon such appeal is, properly speaking, a judgment, as distinguished from an order. That such an appeal shall result in a judgment seems to be the contemplation of the statute. Section 9489, Rev. Code 1919, as amended by chapter 363, § 7, Laws 1919. The rules established by this court, pursuant to the authority of section 9180, Rev. Code 1919, for appeals from the commissioner of insurance and industrial commissioner, likewise refer to the determination of the circuit court as a judgment. See Rule 11. This court, in the workmen's compensation cases hitherto appealed to it, seems almost invariably to have denominated the determination of the circuit court a judgment. See Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816; Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965; Ross v. Ind. Sch. Dist., 49 S. D. 491, 207 N. W. 446; Frank v. C., M. & St. P. Ry. Co., 49 S. D. 312, 207 N. W. 89; Bragstad v. Integrity Mut. Casualty Co., 51 S. D. 167, 212 N. W. 864; Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191, 193. And since such final determination of the circuit court on appeal to it in workmen's compensation matters constitutes, as a matter of law, a judgment, as distinguished from an order, appeal may be taken within one year. Section 3147, Rev. Code 1919. Respondent's motion to dismiss must therefore be denied, and we come to a consideration of the cause upon the merits.

■ Appellant urges that respondent can take nothing because no claim for compensation was filed with the industrial commissioner within one year after the injury (section 9457, Rev. Code 1919) or within eighteen months after Jonke returned to the employment of Northern States Power Company a week following the accident. Subdivision 4, § 9459, Rev. Code 1919. To meet this contention, respondent advances the doctrine suggested by cases such as McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615, and Esposito v. Marlin-Rockwell Corp., 96 Conn. 414, 114 A. 92, that, where there occurs what seems a comparatively minor accident resulting in a latent and undiscoverable injury, the

date of the injury is not the time of the accident, but the time when it is actually discovered that a compensable injury has resulted. In other words, respondent argues that the date of the injury in this case was not the time of the accident in June, 1929, when neither the employer nor the employee nor any one else realized that there had been any compensable injury, but the date in March, 1931, when the injury resulting from the accident of June, 1929, first manifested itself and was discovered as a compensable injury. In reply, appellant says that upon that theory it has never had any notice of the injury as required by section 9455, Rev. Code 1919. We believe appellant is right in its contention. Respondent cannot say that, since appellant knew of the accident in June, 1929, it thereby had notice of the injury, and at the same time say that the injury did not occur in the eyes of the law until it was discovered as a compensable injury in 1931, and therefore failure to file claim for compensation within eighteen months after June, 1929, is immaterial because the period for filing claim did not commence to run until the discovery of compensable injury. It seems very clear that it must be conceded, as a matter of law that this injury occurred on one or the other of these two dates. If it occurred in June, 1929, action is barred because no claim for compensation was filed with the industrial commissioner within the statutory period. If it be deemed that the injury occurred in March, 1931, then recovery is barred because no notice was given to the employer. Certainly knowledge on the part of the employer of an accident in June, 1929, cannot impute to the employer any knowledge or notice of an injury which did not occur until March, 1931, and certainly respondent cannot be heard to say that, so far as concerns notice to the employer, the injury occurred in June, 1929, and the employer had notice of it because he knew of the accident, but, so far as concerns the filing of a claim with the industrial commissioner, the injury did not occur until March, 1931, and therefore claim for compensation filed the latter part of March, 1931, was within the statutory time. We need not determine in this case whether, as a matter of law, the injury should be deemed to have occurred in June, 1929, or in March, 1931. Compensation is barred upon either theory. If the injury occurred in 1929, claim for compensation was filed too late. If it did not occur until 1931, the employer never had notice or knowledge thereof.

The judgment appealed from is therefore reversed, and the cause remanded to the circuit court, with directions to enter judgment dismissing the proceedings.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

WARREN, J., dissents.