WEISS, Respondent, v. WEISS, et al, Appellants
(288 N. W. 794.)

(File No. 8248.   Opinion filed December 7, 1939.)

**Max Royhl**, of Huron, for Appellants Badger State Bank and Badger Holding Corporation.

**J. G. McFarland**, of Watertown, for Respondent Emma Weiss.

**Warren & Eggen**, of DeSmet, for Respondent Frederick Weiss.

RUDOLPH, J.   This case is a sequel to the case of Badger State Bank v. Weiss, 60 S. D. 484, 245 N. W. 41; Id., 61 S. D. 518, 249 N. W. 803.   Following the decisions in the former case, this action was brought by Emma Weiss against Frederick Weiss for the purpose of determining the title and ownership of the land to which Emma Weiss had executed the quitclaim deed to Frederick.   It was in consideration of the execution of this deed that Frederick had made his check payable to Emma Weiss and delivered the same to the Badger State Bank and on account of which Emma Weiss was claiming a preference in the cash assets of the suspended Badger State Bank in the prior case.   This court held in that case that Emma Weiss was not entitled to a preferred claim against the bank.   Upon the motion of the defendant in this case the Badger State Bank, the Badger Holding Corporation, and the superintendent. of banks were made parties to this action, and they all appeared, filed their answers, and participated in the trial of the case.   The trial court entered its judgment decreeing that Frederick Weiss was the owner of the real estate involved, and that Emma Weiss as a common creditor of the Badger State Bank, suspended, was entitled to a judgment against the Badger State Bank, which has now reorganized, and the Badger Holding Corporation, the corporation which took over the slow and doubtful assets of the Badger State Bank upon its reorganization.   It appears that upon the reorganization of the Badger State Bank, the common creditors of that bank received fifty per cent of their claims against the bank as deposits in the reorganized bank, which deposits have now been paid in full, and in addition, the remaining fifty per cent of their claims are held as claims against the Badger Holding Corporation, which has paid a twenty per cent dividend.   The

trial court by its judgment in effect provided that Emma Weiss should be paid as other common creditors of the Badger State Bank. The Badger State Bank and the Badger ger Holding Corporation have appealed from the judgment thus entered, and the trial court's order denying their motion for a new trial.

Emma Weiss has not appealed and there is no question involved upon this appeal relating to the title or ownership of the land. The only question here involved is the right of Emma to be paid as a common creditor of the Badger State Bank.

Upon the trial of the present action, it was established that at the hearing for the reorganization of the Badger State Bank, Emma Weiss appeared and objected to the reorganization upon the ground that she was a preferred creditor and entitled to receive from the cash on hand at the time the bank closed the entire amount of the Frederick Weiss check. The trial court in its order permitting the reorganization of the bank provided as follows: "* * * it is Ordered that F. R. Smith, as Superintendent of Banks in and for the State of South Dakota, take from the cash assets of the original suspended Badger State Bank of Badger, South Dakota, the sum of One Thousand Seven Hundred Sixty Four and 28/100 ($1764.28) Dollars, and hold the same subject to the final order and decision and decree of the court upon the claim of Emma Weiss in and to the said fund." This order was entered on the 12th day of June, 1928. On July 21st, 1928, in the same proceeding after ordering Frederick Weiss to appear, and after considering the contentions of Emma Weiss as supported by affidavits and oral testimony, the trial court entered a further order, as follows:

"That said Badger State Bank may be reorganized upon the terms and conditions prescribed by the Order of this Court made herein on this 12th day of June, 1928, to which reference is hereby made and upon the terms and conditions of the Trust Agreement filed herein to which reference is hereby made.

"That the said Badger State Bank, a corporation, and F. R. Smith as Superintendent of Banks of the State of South Dakota have in their possession the sum of Seventeen Hundred Sixty - four Dollars and twenty - eight cents ($1764.28) in money which is the property of the defendant Emma Weiss, and to which she is entitled, and the said Badger State Bank, a corporation, and said F. R. Smith as Superintendent of Banks, are hereby ordered and adjudged to pay said sum to her forthwith, together with interest thereon at the rate of 7% per annum, from the date hereof together with costs and disbursements of this proceeding hereby taxed at the sum of $_____."

It was from this last mentioned order that the appeal was taken in the prior cases. It further appears that following the entry of the order of June 12th, the superintendent of banks segregated from the assets of the Badger State Bank, the amount directed by the order and deposited the same in the Andes State Bank of Ravinia, South Dakota, which bank suspended on March 28th, 1929, and although now finally liquidated has paid nothing to either common or preferred claimants.

■ The appellants first contend that, by its order of June 12th, the trial court created a "special trust" or "court fund", and that Emma Weiss must look to this "special trust" or "court fund" from which to liquidate her claim. We cannot agree with this contention. We think it clear that the only purpose or object of the order of the court of June 12th was temporary, for the purpose of making it immediately possible for the Badger State Bank to reopen as a going concern, which it did on June 26th, 1928. This money which the court ordered segregated from the cash assets of the suspended Badger State Bank was never placed in the custody of the court, and continued at least until the order of July 21st to be in the possession of the superintendent of banks, who was at the time in charge of and in control of the Badger State Bank, suspended. By its order of July 21st, which was the court's final order in relation to this claim of Emma Weiss, the court specifically held that the Badger State Bank and the superintendent of banks had

in their possession this money which was the property of Emma Weiss, and directed that the Badger State Bank and the superintendent of banks pay this money to Emma Weiss as her money. Under these two orders of the trial court we think it clear that this fund was never deposited in court within the meaning of either Section 2481, R.C. 1919 (SDC 37.5201), or Section 2324, R.C. 1919 (SDC 33.0415), upon which sections of our code appellants rely. The money instead of being deposited in court remained with and in the possession of the Badger State Bank and the superintendent of banks, who were at all times claiming to be entitled thereto.

■ The Badger State Bank and the superintendent of banks were at all times in the prior case denying Emma Weiss's right to any specific money or fund of the Badger State Bank, and were contending that Emma Weiss was nothing other than a common creditor. In this contention the superintendent of banks and the Badger State Bank were successful upon their appeal to this court, wherein Emma Weiss was denied the right to a preferred claim against the bank. The denial of this right reduced the status of Emma to that of a common creditor of the Badger State Bank. As a common creditor, Emma Weiss is not entitled to assert her claim against any particular asset or fund of the Badger State Bank, but must share with other common creditors in the general assets of the bank.

■ Appellants further contend that Emma Weiss is bound by the reorganization plan approved by the court for the suspended Badger State Bank, and that under the terms of that plan, Emma Weiss was not given the status of a common creditor of the bank. We think it clear, however, that, when the trial court in the prior case entered its orders, as set out above, which orders were entered as a result of the hearing upon the application for reorganization of the bank, it did make provision for Emma Weiss by attempting to give her the status of a preferred creditor, and, when the Badger State Bank was successful upon the appeal to this court, the provision made for Emma Weiss in the reorganization of the bank was simply changed from that of a

preferred creditor to a common creditor. By the decision of this court in the prior case, Emma Weiss was denied any right to any particular money or fund of the Badger State Bank. She became a common creditor of the bank, and should be paid as such and on the same basis with other common creditors. We have examined appellants' other assignments of error and do not believe they require discussion in view of what has been said above.

The judgment and order appealed from are affirmed.

All the Judges concur.