Whether the determination of the circuit court upon an appeal, on questions of law, from a final decree in a probate proceeding in county court is an "order" from which an appeal to the Supreme Court must be taken within sixty days after written notice of the filing thereof, as provided by SDC 33.0702, as amended by Ch. 124, Laws of 1943, or a "judgment" from which that section provides an appeal must be taken within six months of written notice of the entry thereof is the question presented by this motion to dismiss this appeal.
In dealing with appeals from county court to the circuit court in probate proceedings SDC 35.2111 provides: "When the appeal is on question of law alone the Circuit Court may reverse, affirm, or modify the judgment, decree, or order, * * *" and further provides: "When the appeal *Page 620 
is on questions of fact, or on questions of both law and fact, the trial in the Circuit Court must be de novo and shall be conducted in the same manner as if the case and proceedings had originated in that Court."
Summary administration proceedings were instituted in county court and resulted in a final decree as provided by SDC 35.0706. A stipulation of facts had been adopted as the findings of fact, and the conclusions and decree of the county court rest thereon. The notice of appeal to the circuit court reads: "* * * that said appellant appeals on questions of law and demands a new trial in the Circuit Court" and states that the county court "erred, as a matter of law," in certain described conclusions of law. The circuit court entered what is entitled a "decree" but which "ordered" that the decree of county court be affirmed. Slightly more than sixty days elapsed after notice of entry of the foregoing determination of the circuit court before an appeal therefrom was taken to this court. As indicated, the respondent has moved to dismiss the appeal because not taken within the time limited for appealing from an order. The appellant, on the other hand, contends that the determination of the circuit court is a judgment and therefore the appeal was timely.
We have had occasion to consider the differences which ordinarily will distinguish an "order" from a "judgment" in applying the limitations of the cited statute on appeals to the supreme court in Badger State Bank v. Weiss, 60 S.D. 484,245 N.W. 41. We made it plain in that decision, however, that the rule there enunciated does not control in a proceeding which came to the circuit court by appeal from an inferior tribunal. Cf. Jonke v. Northern States Power Co., 60 S.D. 620, 245 N.W. 471. We have also had occasion to consider whether the proceedings in circuit court resulted in an "order" or a "judgment" when the appeal from county court in a probate proceeding was on questions of "law and fact" and the trial in circuit court de novo. It was held that the determination of the circuit court there considered was a "judgment." In re Mulligan's Estate (Ryan et al. v. Lundberg), 60 S.D. 74, 243 N.W. 102, and *Page 621 
Hansen v. Hansen, 38 S.D. 272, 161 N.W. 188. Heretofore we have not had occasion to consider whether, when the appeal to circuit court is solely on questions of law, and the record comes up for review (cf. Ryan v. Lundberg, supra, and Engle v. Yorks, 7 S.D. 254, 64 N.W. 132, the proceedings in circuit court terminate in an "order" or a "judgment."
[1] The fact that the circuit court entitled its pronouncement a "decree" or that it employed the word "ordered" as distinguished from "adjudged" is without significance. Substance, rather than form, must control in making answer to the question presented. City of Plankinton v. Kieffer, 69 S.D. 597,13 N.W.2d 298.
The wording of a statute, the process by which the circuit court arrived at its determination, and the office performed by that determination persuade us that it is a "judgment" and not an "order."
A statute dealing with such appeals makes reference to the "judgment rendered by the Circuit Court." SDC 35.2114 provides "When a judgment, decree, or order from which an appeal has been taken is wholly or partly affirmed, or is modified by the judgment rendered by the Circuit Court upon such appeal, it must be enforced to the extent authorized by the latter judgment, by the county court, in like manner as if no appeal therefrom had been taken; and the Circuit Court must direct the proceedings to be remanded for that purpose." The determination under consideration wholly affirms the county court and is within the sweep of this statute.
[2, 3] Our statute defines a judgment as the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision. SDC 33.1701. Such is the meaning generally ascribed to the term. Farmers' Elevator Co. of Beresford, S.D. v. United States Fidelity Guaranty Co., 41 S.D. 614, 172 N.W. 519. It is the last word in a judicial controversy, a final determination of the rights of the parties. 30 Am. Jur. 821. The final decree in county court resulted from an application of the law to the stipulated facts. By *Page 622 
the same process the circuit court decided to affirm that decree. Its determination affirming the county court was not a mere direction dealing with some phase of the matters in difference, or shaping the course of the proceeding. It settles the rights of the parties and finally disposes of the entire proceeding subject only to appeal to this court. We hold it is a judgment.
The motion to dismiss is denied.
All the Judges concur.